THOMAS JOYCE *vs.* AMERICAN WRITING PAPER COMPANY.

Hampden.    September 22, 1903. — October 20, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence,* Employer's liability.

A boy fifteen years of age employed in a paper mill was ordered by a superintendent to go to work on a duster, a machine for beating dust out of rags, and to do as a certain workman did. The boy saw this workman, when the opening in a cylinder of the machine got clogged with rags, knock them out with a stick, and, on his attempting to do the same thing, his arm was injured by the spikes of a rapidly revolving drum within the cylinder. In an action against his employer for this injury, there was evidence that the plaintiff was not cautioned in regard to the danger or told what was behind the opening, and that when the drum was in motion a person in front of the machine could not see what was behind the opening. *Held,* that there was evidence of the defendant's negligence and

of the plaintiff's due care, and that the risk was not an obvious one which the plaintiff assumed.

A boy of fifteen employed in a paper mill, who once has helped to clean out one of the six cylinders of a machine for beating dust out of rags, which are alike on the outside, is not thereby chargeable with knowledge of the interior of another of the cylinders, containing a revolving drum with a spiral line of spikes on it, from which he suffers injury.

TORT, by a minor employed in the paper mill of the defendant, for personal injuries caused by the plaintiff's arm being struck by the spikes upon the rear drum of a spike duster, a machine for beating dust out of rags, alleging negligence of the defendant in failing to instruct or warn the plaintiff concerning the dangers of his employment, and negligence of the defendant's superintendent. Writ dated July 9, 1902.

At the trial in the Superior Court before *Maynard*, J., the jury returned a verdict for the plaintiff in the sum of $800; and the defendant alleged exceptions.

*W. Hamilton*, ( *W. H. Brooks* with him,) for the defendant.

*C. T. Callahan*, for the plaintiff.

LORING, J.   In this case the jury were warranted in finding that these were the facts.   The plaintiff was a boy in his sixteenth year.   He left school in the beginning of January and went to work in an alpaca factory, setting bobbins on spindles on spinning frames.   After working there two months, he was employed by the defendant and set to work in the rag room, where he had nothing to do with machinery.   After working there about two weeks, he was put to work in the duster room and after working there a day and a half he went back to the rag room for half a day, then returned to the duster room, and on the third day thereafter the accident complained of happened.

His duty in the duster room was to collect the rags in a box as they came out of a railroad spike duster, and to carry them to a hole in the floor where another employee stowed them in a boiler. This railroad duster consists of six cylinders placed in a row with the axes parallel with each other and with the floor of the room.   Under the cover of each cylinder is a revolving drum, on the face of which is set a spiral row of spikes about three inches long.   These spikes are about one inch in diameter at the base where they are set on the face of the drum, and taper to half an inch at the point.   The drums revolve rapidly, mak-

ing one hundred to one hundred and twenty-five revolutions a minute. The rags are carried forward from one drum to another, and are delivered through an opening in the covering of the rear drum into one of two boxes, which it was the duty of the plaintiff and another man or boy to have in place for the purpose. The opening through which the rags were delivered into the box was the entire length of the cylinder; the lower edge was formed by a beam, and the upper edge by a board nailed on the outside frame, making the side of the cylinder and being the last board of the cylindrical cover of the drum in question. The opening was an opening of about seven inches, extending the length of the cylinder, namely, three feet; and there was evidence that at the time of the accident a piece of canvas, three or three and a half inches long, was hung across the top edge of the hole, leaving below the canvas an opening of three to four inches. The opening was about on a level with the plaintiff's ears. Ordinarily the rags were delivered into the box set to receive them by the revolution of the drum which revolved up and away from a person facing the opening. The plaintiff testified that Batchelor, who was his superintendent, told him to go to work on the duster and to do as the Polander did who was working there; that when this opening got clogged with rags the Polander with a stick knocked them out into the box set to receive them. He also testified that at the time of the accident he was standing on one side of the opening, and that he reached across with his stick about three feet long, which he held in the middle, to push away some rags which had collected on the other side of the opening. He gave several accounts of the way the accident happened. He said on direct examination that "the stick got caught and pulled my arm into the machine; I don't know exactly how my arm got in there; I did not put my hand in there voluntarily." On cross-examination he said: "I don't know whether the stick got caught or not; I don't know how I got my arm in there; I was removing from the other side of the machine some rags and I got my arm caught, but I don't know how I got it caught." It is not stated in the bill of exceptions just what the injury to the plaintiff's arm was; the exceptions go no farther than to state that his arm was hurt by coming in contact with the spikes on the rear drum of the duster.

To take up the defendant's contentions in the order of its brief:

1. We do not think that by reason of the two stories told by the plaintiff the jury were left to guess how the accident occurred.

2. We are not able to say that it was impossible for the plaintiff to have been hurt in one of the ways he testified to. The defendant has argued that the effect of getting the end of the stick caught on a tapering spike which was revolving upward would be to throw the arm of the person holding the stick up and out. But it is to be remembered that this seven inch opening, three or four inches of which was covered by a piece of canvas, was on a level with the plaintiff's ears; that the drum was making one hundred to one hundred and twenty-five revolutions a minute; and that the spikes were set on the drum in a spiral line. We cannot say that these could not have produced such a combination as to have resulted in some injury to the plaintiff's arm from the stick being caught.

3. What distinguishes the case from *Robinska* v. *Lyman Mills*, 174 Mass. 432, and *Chmiel* v. *Thorndike Co.* 182 Mass. 112, in the first place is that the jury were warranted in finding that the plaintiff in the case at bar was doing what he was told to do. He testified that he was told to do as the Polander did, and that the Polander removed the rags with a stick as he was doing. In this respect the case is somewhat like *De Costa* v. *Hargraves Mills*, 170 Mass. 375. In the second place, the plaintiff did not undertake to thrust the stick into the opening in ignorance of what was behind it, but he was trying to remove the rags on the edge of it and the stick was caught.

4. The jury were warranted in finding that the plaintiff was put at work to remove with a stick a glut of rags from a three inch opening in front of a drum with a spiral line of spikes on it, making one hundred to one hundred and twenty-five revolutions a minute, without cautioning him of the danger, or telling him what was behind the opening. On the evidence the jury were warranted in finding that when the drum was in motion a person fronting the machine could not see what was behind the opening. We think that this could be found to be negligence.

5. We do not think that the plaintiff was chargeable with

knowledge of the interior of the sixth cylinder because he had once helped clean the third cylinder. The fact that the outside of the two cylinders was the same does not fix upon a person knowledge that the interiors were also the same.

6. For the reasons already given, the risk which caused the accident was not an obvious one which the plaintiff assumed.

7. We do not think that the plaintiff was, as matter of law, guilty of contributory negligence because he reached across the machine to remove the rags, in place of going to the other side. He was told to do as the Polander did, and the jury were warranted in finding that it was for that reason that he did not go to the other side.

*Exceptions overruled.*