KITTIE B. BOWDEN *vs.* MARLBOROUGH ELECTRIC MACHINE
AND LAMP COMPANY.

Middlesex.    March 8, 1904. — May 18, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence,* Employer's liability.

In an action for personal injuries, by an employee of the defendant, it appeared
that the plaintiff, a girl fifteen years of age and immature for her years, was set
to work in the defendant's factory on a machine used to cut platinum wire, that
at the back of the machine a large and a small cog wheel were geared together,
and the plaintiff might have seen them as she was walking about the machine,
that a workwoman who worked on the machine instructed the plaintiff how to
start and stop it.   The machine was stopped by pressing a lever which moved
back a clutch and disconnected the power.   The plaintiff testified that the work-
woman who instructed her told her to take hold of the large wheel with her
hand after pressing with a file on the lever, and that the workwoman was accus-
tomed to take hold of the wheel to stop it after pressing the lever, as it would
not stop at once when the power was disconnected.   On the third day of the
plaintiff's employment the workwoman went away, and the plaintiff, being alone
with the machine, pressed with the file to stop it, and then took hold of the rim
of the wheel, but her pressure on the lever did not draw back the clutch far
enough to disconnect the power, and her hand was carried over the top of the
wheel and drawn into the gearing on the back side, and injured.   *Held,* that
there was evidence on which a jury might find that the instructions given to the
plaintiff were insufficient or misleading to such a degree as to leave the plaintiff
unreasonably exposed to danger, and might find that the workwoman represent-
ing the defendant in giving the instructions ought to have known that further
instructions were needed for so young, unintelligent and inexperienced a person
as the plaintiff.

TORT, by a girl fifteen years of age when injured, for injuries
from having her right hand caught between the cog wheels of a
machine for cutting platinum wire on which she was at work in
the defendant's factory.    Writ dated January 1, 1902.

At the trial in the Superior Court before *Stevens,* J., the de-
fendant asked the judge to rule that upon all the evidence the
plaintiff could not recover, and also to rule that the danger of
injuring one's fingers if they are caught between revolving gears
is an obvious danger as a matter of law and it does not avail the
plaintiff to say that she did not appreciate it, as the law pre-
sumes that she appreciated it.

The judge refused to rule as requested, and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $300; and the defendant alleged exceptions.

*C. F. Choate, Jr.,* for the defendant.

*J. J. Shaughnessy,* for the plaintiff.

KNOWLTON, C. J. The plaintiff was injured by catching her fingers in revolving cog wheels on a machine in the defendant's factory, and she sues to recover for her injury. The only question argued is whether there was evidence of negligence on the part of the defendant.

The plaintiff was a girl of fifteen years of age, and there was evidence that she was immature for her years. She was set to work on a machine which was used to cut platinum wire. On the back of the machine opposite where she sat at her work, a large and a small cog wheel were geared together, and she might have seen them as she was moving about the machine. In different parts of her testimony she made conflicting statements as to whether she ever noticed the small cog wheel. She began to work on Thursday afternoon and was injured on Saturday. The machine was stopped by pressing a lever which moved back a clutch and disconnected the power. One Miss McCarthy who worked on the machine, instructed her how to start and stop it, and the plaintiff testified that she was told to take hold of the large wheel with her hand, after pressing with a file on the lever, and thus to stop it. This wheel, which was about a foot in diameter, revolved at about the height of her head, the upper part moving backward from her face. She testified that Miss McCarthy was accustomed to take hold of it with her hand to stop it, after pressing the lever, as it would not stop at once when the power was disconnected. On Saturday Miss McCarthy went away, and the plaintiff, being alone at the machine, pressed with the file to stop it, and then took hold of the rim of the wheel, and her hand was carried over the top and down into the gearing on the back side, nearly on a level with the axis of the wheel. It seems that her pressure on the lever did not draw back the clutch far enough to disconnect the power.

The only question is whether the jury might find the instructions given her insufficient or misleading to such a degree as to leave her unreasonably exposed to danger. In this respect did

the defendant neglect the duty which it owed her as a young and inexperienced person ?  The question is not free from difficulty, but we are of opinion that there was evidence for the plaintiff proper for the consideration of the jury.  She probably had no appreciation of the risk of a failure completely to draw back the clutch by the pressure of the file on the lever, and of the risk that in taking hold of the rim of the large wheel she would encounter enough power to carry her hand entirely over to the back side of the machine, and bring her fingers into the gearing.  It was not a kind of danger that would be likely to suggest itself to a young and unintelligent and inexperienced person.  Miss McCarthy represented the defendant in giving the plaintiff instructions, and we are of opinion that the jury might find, on the plaintiff's evidence, that she ought to have known that further instructions were needed.  *Wheeler* v. *Wason Manuf. Co.* 135 Mass. 294.  *De Costa* v. *Hargraves Mills,* 170 Mass. 375. *Joyce* v. *American Writing Paper Co.* 184 Mass. 230.

*Exceptions overruled.*