JULIA MANNING *vs.* EXCELSIOR LAUNDRY COMPANY.

JOHN J. MANNING *vs.* SAME.

Suffolk.   January 17, 1905. — October 17, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence,* Employer's liability.

A girl between fifteen and sixteen years of age put at work upon a machine mangle which revolves very rapidly and is used for ironing towels and table linen, who has seen other persons remove pieces being ironed from the rollers when the machine was in operation, does not as matter of law assume the risk of her hand being drawn in between the roller and the cylinder when attempting to do the same thing, if the facts are such that she is justified in assuming that it is a part of her duty to remove pieces from the rollers.

In an action against a laundry company by a girl between fifteen and sixteen years of age for injuries from having her hand drawn in between the roller and the cylinder of a machine mangle, used for ironing towels and table linen, while removing from the roller one of the pieces being ironed which had caught on it, it appeared, that the plaintiff had seen other girls remove pieces from the rollers

when in motion, and that the head folder had done it in her presence, that the president of the company frequently had knocked pieces off the rollers with his hand in the presence of the girls, and that the foreman had pointed to pieces caught on the mangle in such a way that the head folder thereupon had got up on the machine and had taken them off without stopping it. *Held*, that the jury might find, that, even if the girls working on the machine were not expected to remove pieces from the rollers when in motion, they were allowed to do so under such circumstances as imposed upon the defendant the duty of warning them of the danger, and that a finding was warranted that the plaintiff was justified in assuming that it was a part of her duty to remove pieces from the rollers.

MORTON, J.   The plaintiff in the first case was in the employ of the defendant, at work upon a mangle, so called, used for ironing napkins, towels, table cloths, etc., and was injured by having her hand drawn in between a roller and the cylinder and burned while she was in the act of removing from the roller one of the pieces which had caught on it.   The action was brought to recover for the injuries thus received.   The second case is an action by the father of the plaintiff in the first case, to recover for the loss of her services, she being a minor between fifteen and sixteen years of age at the time of the injuries.   There were verdicts for the plaintiffs, and the cases are here on exceptions by the defendant to the refusal of the judge to rule that upon all the evidence the plaintiffs were not entitled to recover.

There is nothing to show that the machine was defective and the questions are whether the risk was an obvious one which the plaintiff in the first case assumed, and, if not, whether the defendant negligently failed to warn and instruct her regarding the danger ; and that depends on whether it was a part of her duty, or whether she was warranted in understanding that it was a part of her duty to remove pieces which caught on the rollers.   She must, of course, be held to have understood and appreciated those facts of common experience which a girl of her age would be naturally expected to have become familiar with.   She must be held to have known, for instance, that if her hand came in contact with the cylinder, which she knew was hot, it would be likely to be burned.   *Gaudet* v. *Stansfield*, 182 Mass. 451.   But it is a different question whether she should be held to have understood and appreciated the risk which there was that her hand might be drawn in between the roller and the cylinder

if she attempted to remove a piece from one of the rollers. The rate at which the machine was revolving, and which one of the witnesses testified was very rapid, naturally would have a great deal to do with the likelihood of getting her hand drawn in, and there is nothing to show that she understood or appreciated how fast the machine was revolving. She had seen others remove pieces from the rollers when the machine was in operation, and had received no instructions or warning as to the danger, and might naturally have supposed that the act was attended with no particular risk or it would not have been allowed. Taking her youth and inexperience into account, we do not see how it could have been ruled as matter of law, that the risk was an obvious one which she must be held to have assumed.

Neither do we see how on the other branch of the case it could have been ruled as matter of law that the jury were not warranted in finding that the plaintiff was justified in assuming that it was a part of her duty to remove pieces from the rollers. It is true that she was not told to do it. Neither was she told not to do it. She testified that she had seen other girls do it, and it was undisputed that Miss McCormick the head folder had done it in her presence. If, as there was testimony on behalf of the defendant tending to show, the proper way was to stop the machine or call the foreman, there was nothing to show that she knew it. The president of the company testified that he had frequently knocked pieces off the rollers with his hand in the presence of the girls, and there was testimony tending to show that the foreman had pointed to pieces caught on the mangle in such a way that the head folder had evidently interpreted the gesture as indicating a wish on his part that the pieces should be removed, and she had thereupon got up on the machine and taken them off without stopping it. It seems to us that the evidence fairly warranted the jury in finding that if the girls working on the machine were not expected to remove pieces from the rollers, they were allowed to do so under such circumstances as imposed upon the defendant the duty of warning them of the danger. An employer cannot stand by, we think, and see persons in his employ doing things in the course of their employment for his benefit which may result in injury to them if they are not properly warned or instructed, and escape liabil-

ity on the ground that they had not been told to do what they were doing. By allowing the things to be done without objection he must be held to have assented to the construction thus given in effect by his employees to the scope of their duties.

The evidence of the witness Gilbert in behalf of the plaintiff that she had taken pieces from the rollers was admitted properly in support of the plaintiff's contention as to the course of the business.

The result is that in the opinion of a majority of the court the exceptions must be overruled.

*So ordered.*

*J. Lowell & J. A. Lowell,* for the defendant.

*J. A. McGeough,* (*J. A. Collins* with him,) for the plaintiffs.