THOMAS HALLEY *vs.* NASHUA RIVER PAPER COMPANY.

Middlesex.   March 4, 1909. — May 21, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

A boy seventeen years of age employed in a paper mill as a third hand upon a paper machine one hundred and fifty feet long, on which dryer rolls and calender rolls revolve with great rapidity, whose duty it is to go into a narrow space between the two kinds of rolls and take out the broken paper which has fallen to the floor, if he knows that the whole machinery is " helping to pull the paper through " and that " the calender rolls were going when the paper was in there," but does not know that there is a suction caused by the revolution of the calender rolls and a likelihood that a roll of paper may be sucked in by those rolls, does not assume the risk of an injury caused by a roll of paper, which he has gathered up and is carrying in his arms, being sucked in by the calender rolls so quickly that he cannot let go of the paper before his hand is drawn in between the rolls.

LORING, J.   This is an action for personal injuries in which a verdict was ordered for the defendant.   The case is here on an exception to that order.

The jury were warranted in finding that the plaintiff, a minor seventeen years of age, went to work in the defendant's paper mill on July 18, 1907.   The accident happened on the fifteenth day of the following August, — three weeks and three days after he went to work.   The plaintiff was third hand on one of three paper machines one hundred and fifty feet long.   Pulp is run into the wet end of this machine, and paper comes out of the other end of it.   Three men tend one machine.   The duty of the third hand is to take the broken paper off the floor between the calenders and the dryers, to put it into a car and to take it away.   It would seem from the description of the machine given in the bill of exceptions that the pulp after running on a wire arrangement is delivered on to a felt band which runs for some fifty feet over and under dryers or dryer rolls.   These dryer rolls consist of a long series of hot rolls filled with steam.   The pulp is dried by being carried on the felt running between the rolls. From the felt the dried pulp is delivered into the calender stack. The calender stack consists of a series of heavy cast iron rollers, one on top of the other, revolving at great speed.   Both the

dryer rolls and the calenders are very hot, — the dryer rolls from the steam inside of them and the calender rolls from the friction of the rolls, caused by their operation.  Paper is apt to break off and fall between the dryers and the stack of calender rolls, and it is the duty of the third hand to go in between the two and take out the broken paper which so has fallen to the floor.  The bill of exceptions is somewhat obscure as to the character of the place between the dryers and the calenders: " The opening into that space is slanting and is only about four inches wide at the bottom and gets wider as it goes up. . . . There is a three foot space between the dryers and the calenders."   One has to go in sideways because the entrance is so narrow.

When the plaintiff went in between the dryers and the calenders on the occasion in question, the broken paper was five inches deep on the floor.   The plaintiff had to go and did go down on his hands and knees; he picked up the paper from under the calender rolls, rolled it up and pulled it toward him as he gathered it up.   The paper consisted of a roll about six feet long, — " as much as he could carry in his arms."   As the plaintiff started to rise to go back with the paper in his hands, the ragged ends of the paper which were then " a foot from the calenders " were sucked in by the two lower calender rolls so quickly that the plaintiff could not let go his hand, and it was carried in between two of the rolls and held there for thirty minutes.

No warning had been given to the plaintiff of the fact that there was a suction there.

We are of opinion that the jury would have been warranted in finding that the place where the plaintiff was set to work was a dangerous one, owing to the peculiar conditions of the place where he had to work and to the likelihood of a roll of paper being sucked in by the calender rolls.   The plaintiff testified that " he knew the whole machine was helping to pull the paper through; he knew the calender rolls were going when the paper was in there."   But that is not testimony that there was a suction and that he knew and appreciated the dangers incident to the work by reason thereof.   The case comes within *De Costa* v. *Hargraves Mills*, 170 Mass. 375; *Joyce* v. *American Writing Paper Co.* 184 Mass. 230 ; *Manning* v. *Excelsior Laundry Co.* 189 Mass. 231; *Byrne* v. *Learned*, 191 Mass. 269; *Heffernan*

v. *Fall River Iron Works Co.* 197 Mass. 28.    See also in this connection *Bowden* v. *Marlborough Electric Machine & Lamp Co.* 185 Mass. 549; *Rudberg* v. *Bowden Felting Co.* 188 Mass. 365.

In *Burke* v. *Davis*, 191 Mass. 20, the accident was not caused by suction and the employee was not in a peculiar and cramped position.

*Exceptions sustained.*

*H. C. Long*, for the plaintiff.

*E. C. Stone*, for the defendant.