JOHN J. CURREN *vs.* MAGEE FURNACE COMPANY.

Suffolk.   November 17, 1910. — March 3, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability, In a factory.

At the trial of an action against a furnace manufacturing company by an employee in its factory to recover for personal injuries alleged to have been caused by negligence of a superintendent of the defendant, there was evidence tending to show the following facts: The plaintiff was of mature years and experienced in his work, which was cleaning castings in a machine called a tumbler. The tumbler was revolved by the use of cog wheels on a shaft connected with the power by pulleys. It could be stopped, when in order, either by a lever operating a friction clutch or by another lever which disengaged the cogs. Both methods of stopping having got out of order, the plaintiff reported that fact to the superintendent, who summoned a machinist. The machinist reported that he could not do anything with the tools at hand or while the speed was on, and went away. The superintendent thereupon came to the machine with a stick of wood and without any other instruction or warning directed the plaintiff to "put that stick in there and stop" the machine. The plaintiff often had seen the superintendent stop a machine with a stick and always successfully and without injury. He took the stick, went into a narrow, dark and cramped place behind the tumbler and shoved the stick between the cogs as he had seen the superintendent do previously. The wood broke and his hand was injured. *Held,* that the questions, whether the superintendent was negligent and whether the plaintiff was in the exercise of due care, were for the jury.

TORT for personal injuries alleged to have been received, as stated in the opinion, while the plaintiff was employed in the defendant's furnace factory, and to have been caused by negligence of a superintendent of the defendant. Writ dated January 18, 1907.

In the Superior Court the case was tried before *White,* J. The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence the defendant asked for a ruling that the action could not be maintained. The ruling was refused and there was a verdict of $800 for the plaintiff. The defendant alleged exceptions.

*H. E. Warner,* for the defendant.

*J. B. Dore,* (*T. F. McAnarney* with him,) for the plaintiff.

RUGG, J.   This is an action of tort in which an employee of the defendant seeks to recover for injuries alleged to have been

received through the negligence of its superintendent. The following might have been found to be the facts. The plaintiff was of mature years and experienced in his work, which was that of cleaning castings in a machine called a tumbler. This was an iron box into which castings were put through an opening in one side. On one end was a cog wheel about five feet in diameter, which connected with a smaller cog wheel, five or six inches in diameter, on a shaft in turn connected with a main shaft above by a driving pulley and belt. By means of a friction clutch the driving pulley could be made to take hold of the shaft on which was the small cog wheel, and thus the large wheel was revolved and with it the tumbler. This friction clutch was operated by a lever at one end of the tumbler. At the opposite end was another lever by which the box could be moved forward, and thus the large cog wheel disengaged from the small one. There were thus two ways of stopping the tumbler, when both levers were working as designed. The friction clutch frequently became clogged with dust and oil and had to be cleaned. On the day in question the plaintiff tried to stop the tumbler, but neither lever would operate. He then reported that fact to one Williams, a superintendent, who sent him for a machinist. The latter came, but on inspection said he was unable to do anything with the tools at hand or while the speed was on, and he went away. Then Williams came to the machine with a stick of wood a foot long, three or four inches wide and one inch thick, and directed the plaintiff with an oath to " put that stick in there and stop " the machine, but without giving any further instruction as to how to do it. Thereupon, the plaintiff, without making reply, went behind the tumbler into a narrow and somewhat cramped place, where it was dark, although he could distinguish the cogs, and shoved the wood from beneath between the cogs of the two wheels, which broke the wood, and his hand was injured, because (as he said) he could not see where he put his hand or the wood. He had seen Williams stop the machine in this same way before, but had never tried to do it himself.

There was enough evidence to require the submission to the jury of the question of the negligence of the defendant's superintendent. He gave direction to attempt to stop a heavy machine

loaded with iron castings by inserting a piece of wood between the rapidly revolving cog wheels, without any apparent exigency. Although the levers designed to disconnect the power did not work, there does not appear to have been any reason why the power shaft might not have been stopped temporarily or the machinist given time to return with other tools, which it might have been inferred he had gone to get from his statement that he could not stop the machine with those he first brought.

The point of difficulty is the due care of the plaintiff. Due care, as these words are employed in R. L. c. 106, § 71 (now St. 1909, c. 514, § 127), means that degree of care, which the ordinarily prudent man would use for his own safety in the light of all the circumstances at the time of the act under inquiry. That is the standard by which the plaintiff's conduct is to be judged. There is much to be said in support of the view that any reasonable man of experience ought to have known, that the direction of the superintendent was to do something manifestly dangerous, and that the perils of attempting to put a piece of wood between heavy gears in motion is too obvious to require discussion. Even though done in obedience to specific orders or under fear of losing one's employment, in the absence of any assurance from the superintendent, such an act cannot be treated as cautious or prudent, and risk of resulting injury is assumed. See for example *Burke* v. *Davis*, 191 Mass. 20 ; *Wescott* v. *New York & New England Railroad,* 153 Mass. 460; *Lamson* v. *American Axe & Tool Co.* 177 Mass. 144. But although the case is close upon this aspect, it does not appear on the whole to call for the application of this principle. The plaintiff was directed to do a definite act which he had often seen the superintendent do before, always successfully and without mishap. He was ordered for the first time to stop a machine, the usual devices for stopping which had failed to operate, in an extraordinary way, but without warning as to special danger. Knowing that the superintendent had done this before without harm, the plaintiff might properly assume that the direction did not involve exposure to injury. This example without comment or explanation might have been found to be in the nature of an assurance of safety. He was furnished by the superintendent with the piece of wood to use. The thing to be accomplished was so to place the wood as to

serve as a wedge between the cogs, and thus to "break the friction clutch apart" (as testified by the plaintiff) or to throw forward the wheel attached to the tumbler and thereby stop the machine. If the throwing apart of the two wheels was the result aimed at, the success of the attempt might depend in considerable degree upon the length, thickness, grain and strength of the piece of wood used. As to this the plaintiff was not left to himself, but a certain stick was put into his hand by the superintendent for the purpose. Under all these circumstances we hesitate to pronounce the act of the plaintiff so clearly careless as to be incapable of being regarded as what a reasonably prudent man in his position might have done. *Halley* v. *Nashua River Paper Co.* 202 Mass. 164. *Donovan* v. *Chase-Shawmut Co.* 205 Mass. 248. *De Costa* v. *Hargraves Mills*, 170 Mass. 375. *Manning* v. *Excelsior Laundry Co.* 189 Mass. 231. *Grace* v. *United Body called Shakers*, 203 Mass. 355.

*Exceptions overruled.*