ERANOS ODABASHIAN *vs.* APSLEY RUBBER COMPANY.

Middlesex.   January 10, 1913. — February 26, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Exceptions.   *Negligence,* Employer's liability.   *Evidence,* Presumptions and burden of proof, Of ignorance of danger.

In overruling exceptions in an action of tort for personal injuries, it was said that the bill of exceptions was needlessly voluminous and that much of the evidence was set forth by question and answer when it readily might have been put in narrative form.

Although the risk to the operator of a machine of having his hand drawn between revolving rollers of the machine is ordinarily an obvious one, the risk to such an operator of having his hand caught in an adhesive substance, not known to him to be such, and thus drawn between the rollers is not necessarily obvious.

In an action against the proprietor of a rubber factory for personal injuries alleged to have been sustained, when in the employ of the defendant, by reason of the defendant's failure to instruct the plaintiff as to the performance of his duties

and to warn him of the perils of a dangerous machine for pressing rubber on which he was put at work, there was evidence that the degree of heat in the rollers of the machine required for putting black rubber through them was not sufficient to make the rubber sticky, that a greater degree of heat was required for red rubber and a still greater degree for white rubber, and that these higher degrees of heat would make black rubber so sticky that if the person operating the machine used his hands to push the rubber between the rollers there was danger that his hands would adhere to the rubber so firmly that they could not be removed before they were drawn with the rubber between the rollers, that the plaintiff, who was inexperienced in the work, was ignorant of this danger and received no warning or instruction in regard to it, that the heat was applied to the rollers by another workman, and that the plaintiff's hand was injured from being stuck in hot black rubber and drawn between the rollers. *Held*, that it might have been found, even without direct evidence of such knowledge, that those familiar with the machine and its operation would know of the different degrees of heat required and of the effect of the heat in making the rubber adhesive, and that the jury might have inferred that this ought to have been known to the defendant so that due care on his part would require him to give proper instruction and necessary warning to the plaintiff, who was new at the work.

In an action by an inexperienced workman against his employer for personal injuries alleged to have been caused by the failure of the defendant to instruct and warn the plaintiff in regard to a dangerous machine on which he was put at work, it does not necessarily relieve the defendant from his obligation to give such instruction and warning that such an accident as that which injured the plaintiff never had happened before, if no such accident would be likely to happen to an experienced workman or to one who had been instructed and warned properly and if the accident could not have happened without either a failure of duty on the part of the defendant or carelessness on the part of the injured workman.

In an action by an inexperienced workman against his employer for personal injuries alleged to have been caused by the failure of the defendant to instruct and warn the plaintiff in regard to the danger of having his hand caught by adhesive hot rubber and thus drawn between the rollers of a rubber pressing machine, the plaintiff properly may be allowed to testify that he did not know of any danger in using the machine in the condition in which it was or of any danger of the rollers getting heated so that the rubber would stick to his hand.

TORT for personal injuries sustained by the plaintiff on November 16, 1909, when in the employ of the defendant. The declaration as amended contained six counts, of which only the sixth is material. That count alleged that the defendant failed to give the plaintiff instructions how to perform his duties properly and failed to give him sufficient notice of the dangers and perils incident to the plaintiff's duties as an employee, that the defendant had reason to know of such perils and dangers, and that the defendant failed to give the plaintiff such instructions and such notice. Writ dated February 24, 1910.

In the Superior Court the case was tried before *Hitchcock,* J. The evidence is described in the opinion. At the close of the evidence the defendant asked the judge to order a verdict for the defendant on all the counts of the declaration. Thereupon the judge ordered a verdict for the defendant on the first five counts of the declaration and submitted the case to the jury on the sixth count, subject to the defendant's exception. The jury returned a verdict for the plaintiff on the sixth count in the sum of $5,215; and the defendant alleged exceptions.

*C. S. Knowles,* for the defendant.

*W. B. Grant,* (*J. H. Vahey & P. Mansfield* with him,) for the plaintiff.

SHELDON, J. This bill of exceptions is needlessly voluminous. Much of the evidence is set forth by question and answer, when it readily might have been put in narrative form.

The jury were warranted in finding that the plaintiff was in the exercise of due care and had not made a contractual assumption of the risk of what happened. Doubtless the risk of one's hand being drawn into the revolving rollers of a machine is ordinarily obvious, but the special risk of this result following from the hands being caught in an adhesive substance not known to be such is not necessarily so. There are open only the issues raised by the sixth count of the plaintiff's declaration, upon which the verdict in his favor was found; and we must now take it that adequate and correct instructions were given to the jury upon this count, if it was properly submitted to them at all.

The plaintiff's injury, as has been found, was due to his hand being drawn by the hot and sticky rubber upon which he was at work between the rolls of a machine called a "cracker." That condition of the rubber was caused by the heating of the rolls; but for this alone he cannot recover, because it was caused by the act of a fellow workman. But there was evidence that both white, red and black rubber were intended to be run through the "cracker," and that different degrees of heat were required to be applied to the rollers for these different kinds of rubber, the white rubber requiring the highest temperature and the black the lowest, but that the plaintiff did not know this and was ignorant of the greater danger involved by the greater heat required when some kinds of rubber were used, and the increased risk of the rubber

becoming so hot and sticky that he could not extricate his hands therefrom before they reached the rolls. The heat was applied to the rollers by means of steam, and this was done by another workman; and the plaintiff, as he testified, knew nothing about this, and never knew or feared that the rolls might get so hot as to create the danger spoken of.*

In our opinion, the jury had a right to find that it was necessary in the operation of this machine to raise the rollers to various temperatures, sometimes so high as to create a special danger in using the hands to push the rubber toward the rollers from the risk of their adhering so firmly to the heated and sticky rubber that they could not be withdrawn in time to save them from being carried between the rollers with the rubber in which they were held. As it could be found that the plaintiff was new to this kind of work, was ignorant of the danger, and received no warning or instruction about it, it remains only to determine whether there was evidence that the defendant ought to have foreseen this danger and to have given instruction and warning to him, so that he might have kept his hands out of the rubber when it was in this condition. But manifestly, if a temperature was needed for white or red rubber which might too greatly heat and make adhesive black rubber, it might be found even without direct evidence that this would be known to those who were familiar with the machine and its operation. If so, the jury could infer that it ought to be known to the defendant; and in the opinion of the majority of the court due care on its part would require it to give proper instruction and necessary warning to one who was new to such work. The case would come within the principle of *Glass* v. *Hazen Confectionery Co.* 211 Mass. 99, and cases cited.

It is said that no such accident ever had happened before; and *Gould* v. *Slater Woolen Co.* 147 Mass. 315, is relied on by the defendant. But that is not decisive here. No such accident as this is claimed to have been would be likely to happen to an experienced workman, or to one who had been properly instructed and warned; it could not have happened without either a failure of duty on the part of the defendant or carelessness on the part of the workman.

* It was necessary to have the rubber pass twice between the rollers. The accident happened when the plaintiff was trying to put black rubber through the rollers for the second time after it had become very hot.

We find nothing inconsistent with what we have said in any of the cases cited by the defendant; and we have nothing to do with the weight of the evidence, to which much of the defendant's argument really has been directed.

The plaintiff rightly was allowed to testify that he did not know of any danger in using the "cracker" in the condition in which it was, or of any danger in the roll getting heated so that the rubber would stick to his hand. *Malcolm* v. *Fuller*, 152 Mass. 160, 167, 168.

*Exceptions overruled.*