ANTONIA PONTA *vs.* NEW BEDFORD CORDAGE COMPANY.

Bristol.    October 27, 1914. — November 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Employer's liability. *Evidence,* Opinion.

If a woman who has been employed in a rope factory during two months, first at untying knots in hemp and then in cutting such knots, and who never has worked on a machine, is ordered, by the person whom she has been told by the superintendent to obey, to start a picker machine and to put hemp into it and press the hemp down, which she does without any instruction or warning as to danger and having no knowledge that the hemp will be moved forward by revolving feed rollers, and thereupon her hand is drawn into the feed rollers and injured, in an action by her against her employer for such injuries there is evidence for the jury that she was in the exercise of due care and that her employer was negligent in failing to instruct and warn her in regard to the dangers connected with the work.

In an action by an employee in a rope factory against his employer for personal injuries caused by the plaintiff's hand being drawn into the feed rollers of a picker machine, into which the plaintiff was ordered to put hemp and push it down, if there is evidence that at the time of the accident some of the teeth in both the upper and lower rolls were broken and that for this reason the rolls revolved faster and drew the hemp through them at a more rapid rate than when they were in good repair, and that owing to this rapidity the machine was in an unsafe condition and caused the plaintiff's injury, and if there also is evidence of the plaintiff's due care, the plaintiff is entitled to go to the jury on a common law count alleging a defective and unsafe condition of the machine on which he was put at work and also on a statutory count alleging a defect in the ways, works or machinery of the defendant.

In an action by a woman employed in a rope factory against her employer for injuries caused by having her hand drawn into the feed rollers of a picker machine into which the plaintiff was ordered to put hemp and push it down, if the plaintiff, after giving certain testimony in regard to the duties of the

person who gave her the order, is asked, "What else did he do?" and replies, "And he bossed me," this answer is not inadmissible as a characterization by the witness of the position of the person in question in the defendant's employ, because the answer properly may be understood to mean merely that the person in question gave the plaintiff instructions in regard to her work.

TORT for personal injuries sustained by the plaintiff on May 26, 1911, from her right hand being drawn into the feed rolls of a picker machine in the defendant's rope factory in New Bedford, when, after having been employed at other work in the defendant's factory for about two months, she was for the first time set at work on the machine. Writ dated March 18, 1912.

In the Superior Court the case was tried before *Dana,* J. At the close of the evidence, which is described in the opinion, the plaintiff waived the fourth count of her declaration, which alleged that the injuries were caused by the negligence of a superintendent or of a person acting as superintendent; and thereupon the defendant asked the judge to rule that upon the whole evidence the plaintiff could not recover upon the first, the second or the third count of her declaration. The judge refused to make this ruling as to any of those counts, and submitted the case to the jury on the three counts mentioned, which are described in the opinion. The jury returned a verdict for the plaintiff in the sum of $3,500, of which by requirement of the judge the plaintiff remitted all in excess of $3,000; and the defendant alleged exceptions.

*I. Brayton,* (*A. J. Jennings* with him,) for the defendant.

*J. W. Nugent,* (*C. R. Cummings* with him,) for the plaintiff.

CROSBY, J. The plaintiff, while in the defendant's employ, was injured by her right hand being drawn into the feed rolls of a picker machine. This machine consisted in part of a wooden trough or platform behind which the operator stands, and was about two feet, ten inches high from the floor and about two feet, seven or eight inches deep from the end where the operator stands to the inner edge near the feed rolls; the width of the trough at the end nearest to the rolls was nineteen inches. When the machine is in operation hemp is piled upon the trough or platform and fed into two rolls situated at the inner edge of the trough. These rolls are made of cast iron and fluted or toothed, and revolve one on top of the other; both rolls turn forward at

the rate of five and one half revolutions a minute; just behind the fluted rolls is a drum or cylinder about three feet in diameter, covered with steel spikes which are about two inches from the feed rolls. The drum makes about three hundred and twenty-seven revolutions a minute. After the hemp is fed from the trough into the rolls it is carried by the latter to the drum where it is torn to pieces and thrown upon the floor. The machine was operated by means of a fast and loose pulley, and the belt was shifted by means of a shipper handle. This machine was used to separate and pick the hemp to pieces, but before it was run through the machine any knots in the hemp were either untied or cut open.

There was evidence to show that the plaintiff had been working in the defendant's factory for about two months before the accident; that she never had worked in a factory before that time, and never had worked on a machine before she was injured. There was also evidence to show that when she was hired by the defendant she was set at work by one Corosa (who also was known as Thomas), the defendant's assistant overseer; that he then showed her how to untie knots and told her when she had finished that Sousa would tell her what to do, and that she must do what he told her to do; that after she had finished untying knots Sousa told her to cut knots; and that she was engaged in that work for about five weeks before she was hurt. She testified in substance that on the day of the accident she was ordered by Sousa to start the picker machine, and that when she objected he told her she was to do what he directed; that she then started the machine in his presence and under his direction, and then put the hemp on the trough; that he told her to press it down, which she did, and her hand was caught and drawn into the rolls.

The defendant contended and offered evidence to show that the plaintiff started the machine and undertook to operate it in direct violation of Sousa's orders. If the testimony of Sousa to this effect was believed, it is plain that the plaintiff could not recover, but the jury was not bound to accept his testimony.

The case was submitted to the jury upon the first, second and third counts of the declaration. The first count alleged a failure to instruct and warn; the second alleged a defective and unsafe

condition of the machine, and the third was a statutory count alleging a defect in the condition of the ways, works and machinery of the defendant.

1. There was evidence that the plaintiff never had operated this machine before and had not been instructed or warned as to its dangers; that when the hemp was put upon the trough the rollers were concealed from the plaintiff's view and she did not know they were there; that when she placed her hand upon the hemp and pressed it down she did not know that the hemp would move forward or that there was any danger; and that Sousa directed her as to the manner in which she should do the work. Under these circumstances, we think it was a question for the jury whether she was in the exercise of due care.

2. The jury would have been warranted in finding that the plaintiff was ignorant and inexperienced and needed instructions and warning before she was ordered to operate a machine so manifestly dangerous to one unfamiliar with its use. *De Costa* v. *Hargraves Mills*, 170 Mass. 375. *Joyce* v. *American Writing Paper Co.* 184 Mass. 230. It is admitted that Thomas was a statutory superintendent; it also appears that he had charge of the room where the plaintiff was hurt. If the jury found that when the plaintiff was set at work by the defendant's assistant overseer, Thomas, she was told by him that she would receive future instructions as to her work from Sousa and that she must obey him, and afterwards Sousa set her at work on the picker machine, this would warrant a finding that she was set at work by a person authorized by the defendant. *Glass* v. *Hazen Confectionery Co.* 211 Mass. 99. *Grace* v. *United Society called Shakers*, 203 Mass. 355. Accordingly if the plaintiff was ordered by Sousa to run the machine, it was the duty of the defendant to instruct and warn her of the dangers connected with the work. It could not have been ruled that the plaintiff was not entitled to recover on the first count. *Odabashian* v. *Apsley Rubber Co.* 214 Mass. 66.

3. It could have been found that the feed rolls on the machine were in a broken and defective condition at the time of the accident, and that they had been in that condition for some time before it occurred. There was evidence that some of the teeth in both the upper and lower rolls were broken and that for this

reason the rolls would revolve faster and would draw the hemp through them at a more rapid rate than when the rolls were in good repair. If the defendant knew or ought to have known that the machine was in a defective condition, it was its duty to cause it to be repaired before it was used, or to warn those ignorant of its condition of the dangers attendant upon its use. *Wheeler* v. *Wason Manuf. Co.* 135 Mass. 294. *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188, 192. It could have been found that owing to the rapidity with which the hemp passed through the rolls because of some of the teeth being broken, the machine was in an unsafe condition and caused the plaintiff's injury. For this reason a verdict was warranted upon the second and third counts.

4. In referring to Sousa, the plaintiff was asked upon direct examination, "What else did he do?" To which she answered, "And he bossed me." This answer was objected to by the defendant, but was allowed to stand, and the defendant excepted. This exception cannot be sustained. The defendant contends that the ruling allowed the witness to characterize the position of Sousa in the defendant's employ, and did not describe the nature of his employment. We do not so regard the answer; we think it can be construed only as meaning that Sousa gave her instructions with reference to her work and not as describing his position in the defendant's employ.

*Exceptions overruled.*