CHARLES W. RUDBERG *vs.* BOWDEN FELTING COMPANY. .

Worcester.   March 21, 1905. — June 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Practice, Civil.   Negligence,* Employer's liability.

If in an action for personal injuries the presiding judge in his charge to the jury has made certain remarks not pertinent to the case, which if unrecalled might be prejudicial to the defendant, but afterwards in an emphatic way tells the jury to dismiss this part of the charge from their minds and to deal with the case as if the remarks had not been made, it is to be presumed that the jury obeyed the instructions of the judge, and it may be held that justice does not require that a verdict for the plaintiff should be set aside.   The same principle may be applied to the admission of incompetent evidence which the jury is told to disregard.

In an action by a boy, less than thirteen years of age when injured, against his employer for injuries from a complicated and dangerous machine, the evidence described in the opinion was held to be sufficient to submit to the jury under instructions which would authorize them to return a verdict for the plaintiff if they found that the defendant failed to give the plaintiff such instructions as were reasonably necessary to enable a boy of his age and intelligence to see and appreciate the nature of the machine and the danger attending his work upon it.

TORT, by a boy born on October 29, 1889, for injuries received on July 7, 1902, in the defendant's mill at Millbury, from his hand being caught in a card machine.   Writ dated December 22, 1902.

At the trial in the Superior Court before *Pierce*, J. the jury returned a verdict for the plaintiff in the sum of $1,691.91; and the defendant alleged exceptions, raising the questions stated by the court.

*C. C. Milton & G. A. Gaskill,* for the defendant.

*E. H. Vaughan, J. A. Thayer & C. B. Perry,* for the plaintiff.

HAMMOND, J.   While that portion of the charge which refers to the law with reference to the employment of minors in a factory and to the desire of the presiding judge that it should be properly enforced had nothing whatever to do with the case, and while the remarks on that subject, if unrecalled, might have been regarded as prejudicial to the defendant, still, in view of the very positive and emphatic way in which the jury were

finally told to dismiss this part of the charge from their minds and deal with the case as though the remarks had not been made, and not in " the slightest degree to impute to these defendants any negligence or put any punishment whatsoever upon them, because they have violated, if they have, this law," justice does not seem to us to require that the verdict should be set aside. It is to be presumed that the jury obeyed the emphatic instructions of the judge. And the same may be said of the evidence of the defendant's superintendent as to his knowledge of the law. The jury were told to disregard it.

The case finally was submitted to the jury upon instructions which authorized them to find for the plaintiff if the defendant failed to give him such instructions as were reasonably necessary to enable a boy of his age and intelligence to see and appreciate the nature of the machine and the danger attending his work upon it. The instructions upon this point were full, apt and correct. *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572. *O'Connor* v. *Adams,* 120 Mass. 427. *De Costa* v. *Hargraves Mills,* 170 Mass. 375.

The evidence upon the extent to which the plaintiff was instructed was conflicting, but it warranted a finding that the machine was complicated and dangerous; that at times it might become clogged with the wool which was going through it, so that the " worker," which was one of the rollers, might rise from the " U shaped socket " in which it was placed, and stop the machine; that the only instruction received by the plaintiff, who was employed to " feed " the machine at one end and remove the carded wool at the other, was to " watch the other boys " who were working on similar machines; that he watched them a few hours and was then set to work upon this machine; that on the third day the " worker " stopped; that he " stood in front of the machine and pushed it with a broomstick "; that while he was doing this Dunn, a foreman, said to him, " What are you doing that for? Don't you know you will break the whole machine? Use your hand next time " ; that on the same day the machine stopped two or three times after that, and he started it with his hands; that the last time it stopped he put his hand on the " worker " to pull it toward him; and that " it started with a jump," and his hand was drawn in and injured.

He was not quite thirteen years of age. It appeared that his father worked on razor machinery, and that he had helped his father and knew something about that kind of machinery. As to the machine in question, he testified that he " was never told what was inside this big cylinder and knew nothing of the inside," and that he never saw anything under the rolls.

·This state of things would warrant the jury in finding that in view of the complicated nature of the machine, the danger of its clogging and the consequent displacement of the " worker," the care required to put the worker back in its socket and its violent and rapid action in going back, the dangers attending the operation of the machine were not obvious to a child of the age and experience of the plaintiff; and that the defendant negligently omitted to give him such instructions as he needed and should have received. Upon comparing the instructions requested with the charge given, we see no error in the manner in which the presiding judge dealt with them.

*Exceptions overruled.*