MICHAEL REARDON *vs.* JOHN B. BYRNE.

Middlesex.    December 12, 1906. — April 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.

In an action by a common laborer in the employ of a building contractor against his employer, for personal injuries from a " spreader " or iron brace falling on his foot while he and other employees of the defendant under the orders of a superintendent were engaged in putting up the iron work of a building in process of construction, it appeared that on the day of the accident the plaintiff for the first time was told to assist in putting up the iron work, an employment in which he was wholly inexperienced, that he was called by the defendant's superintendent to assist in putting in position two of the iron beams, which were put up in pairs and after being set were kept a certain distance apart and held together by " spreaders " or braces to which they were bolted, that after the two beams with the assistance of the plaintiff had been raised and adjusted, the superintendent found that one of the beams was upside down

and ordered that it be turned over, that for this purpose the bolts which bound the beams to the "spreaders" were unscrewed and drawn back clear of the beam, and in the turning of the beam one of the "spreaders" was caused to fall and injured the plaintiff. The plaintiff, who before this day had not helped to set up any of the beams, testified that he was ignorant, not only of the process, but of the use and adjustment of the "spreaders." *Held,* that, in view of the plaintiff's lack of experience and of the absence of a reasonable opportunity for observation by him of the method employed, the question whether the plaintiff assumed the risk of such an accident was for the jury; that the condition of things due to the readjustment of the beam, although transitory, was incidental to the plaintiff's employment, and that there was evidence on which the jury could find that it was the duty of the defendant to warn the plaintiff of the probable danger that might arise while he was engaged in the work; also, that there was evidence on which the jury could find that the superintendent while acting as such called upon the plaintiff to perform labor with which he was unfamiliar and negligently set him at work in a place, the dangers of which were not obvious to him by reason of his inexperience, without calling his attention to such dangers.

Tort by a common laborer against his employer, a building contractor, for personal injuries from being struck on the foot by a piece of iron called a "spreader" which fell upon him while he and other employees of the defendant were engaged in turning over an I-beam which had been set upside down in putting up the iron work of a building in process of construction. Writ dated June 6, 1905.

In the Superior Court the case was tried before *Hitchcock,* J. At the close of the evidence, which is described in the opinion, the defendant asked the judge to rule that on all the evidence the plaintiff was not entitled to recover; that there was no evidence of negligence on the part of the defendant and that therefore the plaintiff could not recover; that there was no evidence of negligence of a person in the service of the defendant who was entrusted with and exercising superintendence and whose sole or principal duty was that of superintendence, and that the plaintiff could not recover on that ground; that there was no evidence of negligence of a person acting as superintendent in the absence of a superintendent with authority or the consent of the defendant and that the plaintiff could not recover on that ground; and asked the judge to order a verdict for the defendant.

The judge refused to rule as requested, and submitted the case to the jury on the third and fifth counts of the plaintiff's declaration, which were as follows:

"Count 3. And the plaintiff says that on or about May 6th, 1905, he was in the employ of the defendant doing general laboring work; that it was the duty of the defendant to give him proper and sufficient warning and instructions regarding the dangers attending his said work, of which the plaintiff did not know, and which the defendant well knew or in the exercise of reasonable care ought to have known, that by reason of this failure on the part of the defendant, the plaintiff, while in said employ, and in the discharge of his duties in said employ, being at the time in the exercise of due care, was hurt and injured and suffered pain of body and anguish of mind."

"Count 5. And the plaintiff says that on or about May 6th, 1905, he was in the employ of the defendant doing general laboring work; that by reason of the negligence of some person in the service of the defendant entrusted with and exercising superintendence, whose sole or principal duty was that of superintendence, the plaintiff, while in said employ, and in the discharge of his duties in said employ, being at the time in the exercise of due care, was hurt and injured and suffered pain of body and anguish of mind. That due notice of the time, place and cause of said injury was given to the defendant."

The jury returned a verdict for the plaintiff in the sum of $1,500; and the defendant alleged exceptions.

*C. S. Knowles*, for the defendant.

*G. H. Tinkham*, (*S. E. Duffin* with him,) for the plaintiff.

BRALEY, J.   It was undisputed that the plaintiff, having been employed as a common laborer in putting in the foundations of the building, on the morning of the day of the accident was told by the defendant to assist in putting up the iron work of the superstructure.   In pursuance of this order, he reported to the foreman, one McMay, who told him "to go back in the rear end of the building and tighten up bolts."   Iron beams had been placed in position with their ends resting on the tops of iron columns, through the caps of which, and in the flanges of the beams, bolts were placed.   The plaintiff, who was wholly inexperienced, after instructions by the foreman, was put to work "tightening up" the bolts by screwing the nuts down so that the beams would be securely held.   He began work about eleven o'clock and at about half past three o'clock he was called to as-

sist in putting in position two of these beams. They were put up in pairs, and after being set were kept a certain distance apart and held together by " spreaders " or braces. In their erection the braces were adjusted to one beam by a bolt running through the beam and spreader, and after this beam was put up, the second was laid, and the bolt pushed through a corresponding hole, and a nut put on which upon being screwed up brought the beams and braces solidly together. These beams, with the assistance of the plaintiff, had been raised safely, and the brace or braces had been adjusted, when the foreman discovered that one beam must be reversed, and ordered that it be turned over. To do this, it became necessary to unloosen the bolts which held the braces, and draw them back clear of the beam which was to be reversed. This was done, but in turning the beam in some way not clearly shown it either struck the other, causing it to fall with the spreaders, or hit a spreader, knocking it off, which in falling, struck and injured the foot of the plaintiff. Up to the time when he was called upon to assist in this part of the construction, the plaintiff had not helped to set any of the beams, and he testified that he was ignorant, not only of the process, but of the use and adjustment of the braces. Because of lack of experience, and of the absence of a reasonable opportunity for observation of the method employed, during the brief time elapsing between his commencing to work and the accident, the question of the plaintiff's assumption of the risk properly was left to the jury. *O'Connor* v. *Adams,* 120 Mass. 427, 431. *Atkins* v. *Merrick Thread Co.* 142 Mass. 431, 433. *Urquhart* v. *Smith & Anthony Co.* 192 Mass. 257.

It was necessary to show under the fifth count that McMay represented the defendant, and exercised superintendence. Upon this question the evidence leaves no doubt that at the time he alone supervised this part of the interior construction, with authority to command obedience from the plaintiff and his fellow workmen, and he is shown to have acted throughout as a superintendent representing the defendant. *Peterson* v. *Morgan Spring Co.* 189 Mass. 576, 579. *Murphy* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 18, 21. It is urged by the defendant that at common law there was no evidence of his negligence, as there was no defect in any of the permanent appliances,

nor were the conditions similar to those where an inexperienced employee without warning of the danger is put in proximity to rapidly revolving machinery, with which, if not warned, he is likely to come in contact. But while the conditions were in a sense temporary, they were incidental to the employment, and the jury might find under the third count, that it was the defendant's duty to warn the plaintiff, who was wholly ignorant, of the possible danger that might arise while engaged in the work he was set to perform. It plainly could not be said as matter of law that as the process of construction went forward, readjustments or changes would not have to be made, or that the jury could not find fairly that they were probable, and should have been foreseen by the defendant. *Turner* v. *Page*, 186 Mass. 600. It was his duty to provide a reasonably safe place in which the plaintiff could perform his work. If by reason of its nature transitory conditions might arise which at times would render the employment hazardous, and which the plaintiff could not anticipate by reason of his ignorance, the jury might find the defendant was negligent in not warning him of such probable danger. *Ryan* v. *Tarbox*, 135 Mass. 207. *O'Driscoll* v. *Faxon*, 156 Mass. 527, 541. *Atkins* v. *Merrick Thread Co.*, *ubi supra*. *Rudberg* v. *Bowden Felting Co.* 188 Mass. 365. Under the fifth count they also could find that while exercising acts of superintendence McMay called upon the plaintiff to perform labor with which he was unfamiliar, and negligently set him at work in a place the dangers of which were not obvious by reason of his inexperience without calling his attention to them. If this appeared, the defendant is responsible for the negligence of his foreman while acting as superintendent. *Reynolds* v. *Barnard*, 168 Mass. 226. *Feeney* v. *York Manuf. Co.* 189 Mass. 336, 340, and cases cited. R. L. c. 106, § 71.

The rulings requested, therefore, were refused properly, and the verdict for the plaintiff must stand.

*Exceptions overruled.*