WILLIAM P. TODD *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 8, 1911. — April 4, 1911.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Conduct of trial, Exceptions.

In an action of tort for personal injuries, where the judge in his instructions to the jury makes a remark tending to disparage the testimony of the plaintiff and his witnesses in regard to the effect of the alleged injuries upon the plaintiff's physical condition, and, upon objection and exception by the plaintiff's counsel, tells the jury that on account of such objection he withdraws the remark, and the jury return a verdict for the defendant, the plaintiff has no ground for exception, the remark, even if it had not been withdrawn, relating only to the question of damages and having been made immaterial by the verdict for the defendant on the question of liability.

RUGG, J. This is an action of tort to recover compensation for personal injuries. The plaintiff alone testified as to liability. Evidence as to his injuries was given by several of his relatives as well as by himself. The presiding judge * of the Superior Court gave instructions, to which no exception was taken, as to due care and negligence. In the part of the charge touching

---

* *Brown, J.*

damages he said, "You will notice in all of these cases that, when the testimony comes from the family of the plaintiff, the plaintiff was the most perfect specimen of manhood, imaginary, before the accident, and is the most abject specimen' after the accident." To this an exception was duly saved by the plaintiff, whereupon the judge said, "Mr. Sherman thinks what I said about the family testifying doesn't apply to this case, and I withdraw it." To this also the plaintiff excepted. The jury returned a verdict for the defendant.

It is a principle of practice in the trial of causes to a jury that an erroneous ruling made by the presiding judge either as to evidence or in the charge may be corrected at any stage, and if the ruling as made at last is sound no exception lies. It must be assumed that the jury acted upon the state of the case finally submitted to them both as to evidence and instructions. Where a material mistake of law has been made, the party who has objected seasonably cannot be deprived of an exception unless the judge unmistakably makes right the earlier wrong. The portion of the charge here criticised related to damages alone, a subject which the verdict for the defendant on liability has rendered immaterial. Moreover the judge said, when objection was made to the language he had used, "I withdraw it." The prefatory remark giving as the reason that counsel for the plaintiff thought it did not apply to the case does not impair the taking back. *Eldridge* v. *Hawley*, 115 Mass. 410. *Maguire* v. *Middlesex Railroad*, 115 Mass. 239. *Rudberg* v. *Bowden Felting Co.* 188 Mass. 365. *Everson* v. *Casualty Co. of America, ante*, 214.

It was urged in argument that the accent of the two statements to which objection was made, was such as to prejudice the plaintiff. The tone of voice of a presiding judge is not subject to exception, unless some error of law is committed. *Beal* v. *Lowell & Dracut Street Railway*, 157 Mass. 444.

*Exceptions overruled.*

*R. H. Sherman*, for the plaintiff.
*F. Ranney* (*E. B. Horn* with him,) for the defendant.