JAMES GETTINS *vs.* THOMAS J. KELLEY.

Suffolk.    March 29, 1912. — May 24, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Practice, Civil,* Exceptions.   *Negligence,* Employer's liability.   *Evidence,* Competency.   *Witness,* Cross-examination.

No exception can be sustained to the refusal of a presiding judge to rule as matter of law that on the evidence the jury must find certain facts, which should be determined by the jury under suitable instructions.

In an action by a workman against his employer for personal injuries, in which a defense relied upon is that the injuries were caused by the negligence of a fellow workman, who died before the trial, where evidence of declarations of such fellow workman that the plaintiff was injured through his negligence has been admitted properly, evidence offered by the defendant to show that on the afternoon of the day of the plaintiff's injuries the defendant paid the fellow workman his wages is incompetent, as is also a declaration of the deceased fellow workman that he was blamed by others for having caused the injuries and had decided to leave the defendant's employ.

Questions allowed to be put to the defendant in an action of tort upon his cross-examination here were held not only to have been permissible as within the discretion of the presiding judge but also to have been plainly relevant to the issues on trial.

BRALEY, J.   The bank of loam where the plaintiff was at work when injured had been undermined, and while he was shovelling the earth into a cart from the base of the pile the overhanging portion suddenly gave way, and in falling upon him caused personal injuries for which he seeks to recover damages both at common law and under R. L. c. 106, § 71, now St. 1909, c. 514, § 127.   The case was submitted to the jury under each count, and after a general verdict for the plaintiff the case is here on the defendant's exceptions to the refusal of the presiding judge to rule as requested, which at the argument was confined to his denial of the fourth and seventh requests,* and to the admission and exclusion of evidence.

---

* The rulings thus requested and refused were as follows:

"4. On the evidence the plaintiff knew the work was being done in such manner that no warning was given unless fellow workmen were prying off dirt from top of bank.   Hence, on the evidence he was not at the time of the accident relying on a warning if the earth fell of itself."

"7. On the evidence the plaintiff relied for notice that a portion of the

Doubtless, as the defendant contends, the character of the work in which the plaintiff was engaged disclosed no complex conditions, yet the jury would have been warranted in finding that the plaintiff, without any previous experience and without any instructions as to the danger, had been ordered by one Magee, who acted as the defendant's superintendent, to take a position as a shoveller, where if the bank fell he very likely would be injured. *Lynch* v. *Allyn,* 160 Mass. 248. *Rafferty* v. *Nawn,* 182 Mass. 503. *Chiappini* v. *Fitzgerald,* 191 Mass. 598.

The workman does not assume the risk of negligence by a superintendent, and the plaintiff very properly could rely upon the presumption, that he would not be ordered by his superior to perform work where unless warned of the danger, he would be exposed to the chance of personal injury. *Proulx* v. *J. W. Bishop Co.* 204 Mass. 130. It also was the defendant's duty at common law to provide the plaintiff with a reasonably safe place where he could perform the work for which he had been hired, and to warn him of unsafe and dangerous conditions, unless they were plainly obvious. *Reardon* v. *Byrne,* 195 Mass. 146. *Ruddy* v. *George F. Blake Manuf. Co.* 205 Mass. 172, 180, 181. The plaintiff was rightly allowed to testify, that because of his previous inexperience he had not been aware that the unsupported bank might fall from its own weight, and as the jury could have found further that the place had become unsafe through the excavation, the defendant should have called his attention to the danger. *Reardon* v. *Byrne,* 195 Mass. 146. *Ruddy* v. *Geo. F. Blake Manuf. Co.* 205 Mass. 172, 180, 181. The jury also under each count were to pass upon the question, whether the plaintiff relied upon a warning to be given by one Magee as the work of removal proceeded, and the detached portion was about to fall, and if no warning came he assumed the risk.

The presiding judge correctly refused to rule as matter of law under the fourth and seventh requests, what the jury on all the evidence must decide, under suitable instructions, which were given. *American Tube Works* v. *Tucker,* 185 Mass. 236.

The evidence introduced by the defendant, however, tended to

bank was about to fall upon fellow workmen unless Magee happened to be · present. If Magee was absent and no warning was given by fellow workmen and that was the cause of plaintiff's injury plaintiff can not recover."

prove, that the accident was caused by the carelessness of one Grady, a fellow workman, and because of his death before the trial, his declarations, that the plaintiff was injured through his negligence were properly admitted in the defendant's testimony. R. L. c. 175, § 67. But the offer of proof, that on the afternoon of the day of the plaintiff's injuries the defendant paid Grady his wages, was incompetent. It was an act of the defendant distinct from any voluntary affirmative conduct on the part of the declarant, which could be construed as corroborative of his verbal statements.

The remarks of Grady, made to Magee, and offered in evidence, also were inadmissible. They were inferences or conclusions of fact which did not purport to be an acknowledgment of his fault, but only stated the opinion of others, that he was blamable, and this criticism having become unpleasant, he had decided to leave the defendant's employment.

If the exceptions to the questions admitted in the cross-examination of the defendant had not been pressed as being of importance, we should have noticed them only as coming within the rule of the judge's discretion laid down in *Jennings* v. *Rooney*, 183 Mass. 577, 579. It is certain, however, after examination, that the defendant's description of the nature of the soil, and mode of operation bore directly upon the questions of his alleged negligence, and the negligence of the superintendent.

The result is, that while the jury would have been justified in returning a verdict for the defendant, the exceptions disclose no error of law, and should be overruled.

*So ordered.*

*T. W. Proctor,* for the defendant.
*James J. McCarthy,* for the plaintiff.