RICHARD F. DOOLEY *vs.* WILLIAM SULLIVAN & another.

Berkshire.    September 8, 1914. — October 22, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Employer's liability.    *Workmen's Compensation Act.*

In an action at common law by a workman against his employer for personal injuries, alleged to have been caused by the failure of the defendant to give the plaintiff notice of the dangers incident to his employment, which happened after St. 1911, c. 751, Part I, § 1, took effect, so that neither contributory negligence of the plaintiff, the negligence of a fellow employee nor the plaintiff's assumption of the risk of injury is open as a defense, the only question to be tried is whether the defendant was negligent in failing to warn the plaintiff.

In an action at common law by a workman against his employer for personal injuries sustained, while engaged in assisting in the work of tearing down the walls of a brick building that had been destroyed partially by fire, by reason of the alleged negligence of the defendant in failing to warn the plaintiff of the danger to which he was exposed, there was evidence that the plaintiff had had considerable experience in working in the removal and demolition of buildings, that a wall of the building had had a hole knocked in it across which a plank was placed with a chain attached to it by ropes and pulleys, connected with a capstan turned by a horse, for the purpose of producing such a strain on the wall as to cause it to fall into the cellar, that the plank used for this purpose had broken, that a foreman, who could be found to have been directing the work by authority of the defendant, ordered the plaintiff "to change the hitch" on the rope that was attached to the chain that went around the plank, that the plaintiff, in obeying this order, was obliged to walk over a surface strewn with bricks, pipes, timbers, electric wires and other rubbish, that he walked in the direction of the wall, keeping seven or eight feet away from it, and then, turning his back to the wall, proceeded to carry out the order by pulling on the block that was fastened to the chain, when the wall suddenly fell upon him without warning. There also was evidence that the defendant's foreman was standing about twenty feet away from and in sight of the wall when it fell upon the plaintiff, that after the plank had broken the wall had swayed and mortar had fallen from it, and that on other occasions, previous to the accident, the foreman had warned the plaintiff and the other workmen of the dangers that arose during the progress of the work. *Held,* that it could be found by the jury that the defendant's foreman had better means than the plaintiff of observation and of seasonably appreciating the danger and that he should have warned the plaintiff before it was too late.

CROSBY, J.    The plaintiff seeks to recover for personal injuries sustained by him on July 22, 1912, while assisting in the work of tearing down the brick walls of a building, owned by the defendants, which had been partially destroyed by fire.    The plaintiff's

declaration contained eight counts; the case was submitted to the jury * upon the first and second counts only, both of which were at common law. The first count alleges that the defendants failed to give the plaintiff instruction and notice of the dangers incident to his employment. The second count alleges that the defendants so negligently managed the work of tearing down the wall that it was caused to fall upon the plaintiff. The provisions of the workmen's compensation act, so called (St. 1911, c. 751), apply to this case so far as applicable to these counts at common law, as the act was in force at the date of the plaintiff's injuries and the defendants were not subscribers under the terms of the statute. It follows that neither contributory negligence, the negligence of a fellow employee, nor the plaintiff's assumption of the risk of injury, is open to the defendants as a defense to the action. St. 1911, c. 751, Part I, § 1.

Accordingly under the common law counts the sole question presented is: Were the defendants negligent in failing to warn the plaintiff? The answer to this question depends upon the conduct of one Witt. If, as the jury could have found, he was directing the work by authority from the defendants when the plaintiff was hurt, any negligence on his part while carrying out the defendants' orders is to be imputed to them. If they saw fit to delegate to him the control of the work and the manner of its performance, their liability is not different from what it would have been if they had been personally in charge when the accident occurred. *Grace v. United Society called Shakers*, 203 Mass. 355, 357.

While it was contended by the defendants at the trial that the plaintiff was not in their employ and that the work of taking down the walls was being performed by Witt as an independent contractor, yet the jury found to the contrary. The presiding judge submitted the following question to the jury: "Was the plaintiff at the time of the accident employed by the defendants or either of them, in the work where he suffered injury?" To which question the jury answered, "Yes." This question was properly submitted to the jury upon the evidence, and conclusively establishes the fact that the plaintiff was in the defendants' employ when he was injured. This was an important issue of fact at the trial.

---

* By *Hardy*, J.

The case is submitted to this court upon briefs; and the only question argued upon the brief of the defendants is that the first ruling requested by them, namely, "That upon the evidence the plaintiff is not entitled to recover on the first count of his declaration," should have been given; it being the contention of the defendants that the evidence was not sufficient to warrant a verdict for the plaintiff upon the first count, and that, as a general verdict for the plaintiff was returned upon both counts, the exceptions should be sustained.

The evidence shows that the plaintiff, previous to the accident, had had considerable experience in moving and demolishing buildings and in other similar labor, and that he knew in a general way of the dangers connected with the work in which he was engaged at the time of the accident.

The duty of an employer to warn exists when there are dangers arising in the course of the employment which he knows or ought to know, and which he has reason to believe the employee does not know and will not discover in time to protect himself from being injured because of them. *Stuart* v. *West End Street Railway,* 163 Mass. 391. *Ciriack* v. *Merchants' Woolen Co.* 146 Mass. 182.

One of the methods adopted in demolishing the walls of this building was by making a hole in the wall and then laying across the opening a plank to which a chain was attached by ropes and pulleys and connected with a capstan, the latter being turned by a horse, thereby producing such a strain upon the wall as to cause it to fall into the cellar. There was evidence to show that just before the accident one of these planks, because of the strain upon it, had broken, and the plaintiff was ordered by Witt "to change the hitch;" that the plaintiff, for the purpose of complying with Witt's order, walked in the direction of the wall (which was from twenty to twenty-five feet high) but keeping seven or eight feet away from it, and engaged in the work he had been ordered to do. He had turned his back to the wall and was pulling back on the block that was fastened to the chain that was around the plank, when the wall fell upon him without warning. It was competent for the jury to find from the testimony that in the cellar over which the plaintiff was obliged to pass were bricks, pipes, timbers, electric wires and other rubbish, which made it

difficult for him to walk in safety; that the danger of the wall falling was not obvious from the place where the plaintiff was directed to make the hitch; that the plaintiff's attention was necessarily chiefly devoted to finding a safe footing in passing to the place where it was necessary for him to go in order to make the hitch, and that he did not know of the danger until it was too late to save himself; and that the defendants' foreman and agent, Witt, had better means of observation and of seasonably appreciating the danger, and should have warned the plaintiff before it was too late.

The question for the jury was not only what each knew, but what each ought reasonably to have known concerning the risk. As was said by this court in *Haley* v. *Case*, 142 Mass. 316, 323: "When the master undertakes to direct specifically the performance of work in a particular manner, we cannot say, as matter of law, that the servant is not justified in relying to some extent upon the knowledge and carefulness of his employer, and in relaxing somewhat the vigilance which otherwise would be incumbent upon him. The servant's attention must be principally directed to the performance of the work in the manner in which he is ordered to perform it, and he may be in a less favorable position to see and judge of the surrounding dangers; and, when he is suddenly called upon to perform a piece of work in a particular manner, under the eye of his employer, he may not reasonably have time for the most careful observation." Witt could have been found by the jury to have been in charge of the work of tearing down the walls as the defendants' foreman, and there was evidence to show that he was standing about twenty feet away from and in sight of the wall when it fell upon the plaintiff; that after the plank broke the wall swayed and mortar fell from it; and shortly afterwards the wall came down. In view of this evidence it was for the jury to say whether the plaintiff needed warning, and also whether Witt was negligent in failing to give such warning. Besides it further could have been found that on other occasions before the accident Witt had warned the plaintiff and the other workmen of the dangers which arose during the progress of the work. Under these circumstances as disclosed by the evidence it could not have been ruled as matter of law that the plaintiff could not recover upon the first count. *Proulx* v. *J. W. Bishop Co.* 204 Mass. 130.

It was for the jury to determine upon the evidence and the reasonable inferences to be drawn therefrom, whether the dangers connected with the work were so obvious that, considering his age, experience and intelligence and the danger to which he was exposed, the plaintiff needed instructions or warning. So too it was a question of fact for the jury whether the defendants' foreman Witt, acting as a reasonably prudent man, knew or ought to have known that the plaintiff was ignorant of the danger and could not have discovered it by the exercise of reasonable care, and therefore should have been warned by Witt that the wall might fall. *Lynch* v. *Allyn,* 160 Mass. 248. *Cote* v. *Lawrence Manuf. Co.* 178 Mass. 295. *Boucher* v. *New York, New Haven, & Hartford Railroad,* 196 Mass. 355. *Gettins* v. *Kelley,* 212 Mass. 171. In the cases relied on by the defendants the danger was as obvious to the plaintiff as to the defendant, and a warning would not have given to the plaintiff any information which he did not possess or which by ordinary observation he could not have obtained. For this reason such cases as *Stuart* v. *West End Street Railway,* 163 Mass. 391, *Sampson* v. *Holbrook,* 192 Mass. 421, *Boisvert* v. *Ward,* 199 Mass. 594, and *Goudie* v. *Foster,* 202 Mass. 226, are clearly distinguishable. The case of *Noonan* v. *Foley,* 217 Mass. 566, also relied on by the defendants, involved a passing risk of such a nature that the defendant could not reasonably have anticipated the injury to the plaintiff and have guarded against it. See *Reardon* v. *Byrne,* 195 Mass. 146, 150, and cases cited.

As the only exception argued by the defendants is to the refusal of the court to direct a verdict for the defendants upon the first count, which, for the reasons stated, could not have been done, the others are to be treated as waived, although we perceive no error in the manner in which the case was dealt with by the presiding judge. Accordingly the order must be

*Exceptions overruled.*

The case was submitted on briefs.

*M. E. Couch & W. H. Brooks,* for the defendants.

*C. J. Parkhurst, C. P. Niles & F. M. Myers,* for the plaintiff.