## M. T. STEVENS & SONS CO. v. DAIGNEAULT.

(Circuit Court of Appeals, First Circuit. February 18, 1925.)

### No. 1749.

**1. Master and servant ⬅150(8)—Duty to warn servant of dangers stated.**

The duty of an employer to warn an employee of the dangers of his employment is limited to dangers which the employer knows or ought to know about, and which he has reason to believe the employee does not know and will not discover in time to protect himself.

**2. Master and servant ⬅150(2)—Failure to warn employee of danger of occupation held not negligence.**

Plaintiff was employed in defendant's woolen mill, his duty being to saturate layers of wool for the picker with an emulsion composed of petroleum oil, water, and an alkali, which in time caused eruptions of the skin on his face and arms, and later extended to other parts of his body, and caused his hair to fall out. There was evidence that some persons could use the emulsion without injury, while others could not. Held, that its effect on plaintiff was ascertainable by him as soon as by defendant, and that in the absence of evidence that some executive officer or agent of defendant had knowledge of plaintiff's susceptibility to injury, with reason to believe that he was ignorant of it, defendant was not chargeable with negligence in failing to warn him.

In Error to the District Court of the United States for the District of New Hampshire; George F. Morris, Judge.

Action at law by George J. Daigneault against M. T. Stevens & Sons Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Alvin J. Lucier, of Nashua, N. H. (Lucier & Lucier, of Nashua, N. H., on the brief), for plaintiff in error.

Frank J. Sulloway, of Concord, N. H. (Demond, Woodworth, Sulloway & Rogers, of Concord, N. H., on the brief), for defendant in error.

Before JOHNSON and ANDERSON, Circuit Judges, and BREWSTER, District Judge.

BREWSTER, District Judge. The plaintiff (defendant in error) seeks to recover damages for personal injuries which he claims arose from his occupation while employed by the defendant (plaintiff in error) in its woolen mill. The gist of the plaintiff's claim is that the defendant failed to warn of the dangers of his employment. The trial was by jury, and upon the evidence the following facts would seem to have been established beyond controversy:

The plaintiff entered the employ of the defendant on March 29, 1920, and was put to work in the "picker room," so called. In the performance of his duties he was required to lay on the floor layers of wool, and to prepare an emulsion composed of petroleum oil, water, and alkali, which he used to moisten the wool before it went through the picker. When the wool was thoroughly saturated with the emulsion, it was picked up by hand and put into a bin, from which it went through the machining process. In the course of his work it was inevitable that the emulsion should come in contact with the skin on his arms and hands, and that to a greater or less extent his clothing became saturated with it. There was evidence tending to show that in August or September, 1920, the plaintiff began to suffer from a skin eruption on his arms and face. This disappeared later in the fall, but reappeared in May, 1921, when the eruption extended to other parts of his body and was accompanied by pain in the arms and legs. The plaintiff's hair began to fall out, until he had lost "about all of it." In June plaintiff consulted his physician, on whose advice the employment was terminated on July 7, 1921. The plaintiff claimed that the injuries which he sustained or the ills which he suffered were directly attributable to his occupation in the picker room.

We assume, without deciding, that there was evidence sufficient to warrant a jury in finding that the action of the combination of oil and alkali upon the plaintiff was the cause of the skin irritation which appeared in September, 1920, and May, 1921; that the plaintiff did not, as a matter of fact, know

that this was the cause of his trouble until advised by his physician in June, 1921.

It appears to have been conceded at the trial that no one on behalf of the defendant warned the plaintiff of the possible effect of the emulsion on employees working with it. The trial judge left it for the jury to say whether, upon all the evidence, the failure of the defendant to warn the plaintiff of the risk attending his occupation constituted negligence.

Defendant's seventh assignment of error relates to the refusal of the trial judge to give the following instructions:

"In order to charge the defendant with having produced the plaintiff's injury, the jury must be satisfied that the defendant knew, or ought to have known, that such emulsion as they were using might reasonably be expected to affect the average man as the plaintiff claims it affected him, and failed to notify him of that fact."

If the case was one for a jury at all, we think it should have been submitted with instructions substantially as requested. We do not find in the charge of the trial judge any instructions which could be said to cover adequately defendant's request.

But we are of the opinion that on all the evidence a verdict for the defendant should have been directed as the defendant requested.

[1] It is well settled that a duty rests on an employer to warn his employees of defects or dangers not apparent which may arise in the course of the employment, which the employer knows or ought to know about, and which he has reason to believe the employee does not know and will not discover in time to protect himself. Dooley v. Sullivan, 218 Mass. 597, 106 N. E. 604; Ciriack v. Merchants' Woolen Co., 146 Mass. 182, 15 N. E. 579, 4 Am. St. Rep. 307. But failure to warn will not be regarded as negligence, unless the employer knew, or ought, in the exercise of reasonable and ordinary care and diligence, to have known, that a warning was necessary. 26 Cyc. 1168.

The question here presented is whether there was evidence sufficient to warrant the jury in finding that a reasonable and prudent man under like circumstances should have known that a warning was necessary.

[2] On the undisputed evidence, it is clear that the risk or dangers incident to the occupation were not unusual or extraordinary, were no more obvious to an employer than to an employee, that the work was not inherently dangerous to the average man, and that it was not until the element of unusual susceptibility of the plaintiff was introduced

that the occupation became unhealthful and liable to cause injury. The plaintiff's evidence on this aspect of the case was to the effect that some men could work in petroleum oil and alkali with impunity, and that others could not. Unless and until knowledge of plaintiff's susceptibility was brought home to the defendant, together with reason to believe that the plaintiff was ignorant of this susceptibility, or the probable effect upon him of the solution, there could be no breach of any duty to warn.

The record discloses no evidence tending to show that the defendant had either such knowledge respecting the plaintiff's susceptibility or any reason to believe that the plaintiff was not as well informed as the defendant in regard to the probable, or possible, risks incident to his occupation.

The plaintiff's experience in August and September, 1920, when pimples were caused upon his arms and hands by working in the saturated wool, and which did not disappear until late in November or early in December following, would indicate that he had greater knowledge in regard to the dangers of his occupation than his employer.

Clearly the plaintiff could not recover, unless he showed that the defendant knew, or should have known, that it was putting him into a work of such danger that, if warned of the danger, he might probably have rejected it. The case is radically different from the ordinary case of this type, where the employer is charged with failure to warn the inexperienced employee of dangers which, if warned, he might avoid without quitting the employment. The operation was a common one, free from complexity and complication, and was done in the usual way. See Whalen v. Rosnosky, 195 Mass. 545, 81 N. E. 282, 122 Am. St. Rep. 271. The warning, if given, would have simply opened to the plaintiff an election to assume the dangers, if any, or not take the job.

Again, there can be no recovery unless the executive officers or agents of the defendant, charged with the responsibility of employing and discharging help, knew or ought to have known of this danger. A careful examination of the record of this case fails to reveal evidence that would warrant the jury in finding that any such responsible representative of the defendant at the time knew or ought to have known that he was putting the plaintiff into a dangerous occupation of the dangers of which plaintiff was ignorant.

We have reached the conclusion, therefore, that on all the evidence the plaintiff was not entitled to recover in his action.

The judgment of the District Court is reversed, the verdict is set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion. The plaintiff in error recovers costs in this court.