TERESA CRISAFI *vs.* SELLS FLOTO CIRCUS.

Suffolk. December 2, 1927. — January 5, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Of proprietor of circus, Contributory. *Evidence,* Presumptions and burden of proof, Matter of conjecture.

While the plaintiff in an action of tort for personal injuries must show by evidence a greater likelihood that the injury came from an act of negligence for which the defendant is responsible than from some other cause, such a cause may be found to be established by a preponderance of the evidence even if the evidence does not exclude all other possible causes.

At the trial of an action for personal injuries received by a woman as she was walking down tiers of seats in a tent at a circus, the plaintiff testified that, as she started to go over the unoccupied seats in front of hers, she saw the board upon which she stepped in place, but it moved from its place when she stepped upon it and a part of her body went through the opening. Witnesses for the defendant testified in detail to the securing of the seats by lashing to prevent slipping. A judge who heard the action without a jury found that the plaintiff was in the exercise of due care and that the defendant was negligent in that the plank on which the plaintiff was obliged to step in order to leave the circus had slipped or moved out of position "due to improper lashing." *Held,* that

(1) The finding of due care of the plaintiff was warranted;

(2) The conclusion as to negligence of the defendant could not be said to have been based on conjecture, but was a fair inference from the evidence.

TORT for personal injuries.   Writ dated June 19, 1925.

In the Superior Court, the action was heard by *Sisk*, J., without a jury.   Material evidence is stated in the opinion. The judge found for the plaintiff in the sum of $1,000.   The defendant alleged exceptions.

*C. E. Fay*, for the defendant.

No argument nor brief for the plaintiff.

SANDERSON, J.   The plaintiff with companions occupied seats in the general admission section in the tent of the defendant's circus.   The seats were arranged in tiers with open spaces between them.   She testified that during the show a storm caused rain to come through the tent, and the people in front of and near her moved away.   She started to go over the unoccupied seats in front of hers and saw the board upon which she stepped in place, but it moved from its place when she stepped upon it and a part of her body went through the opening.   The judge found that she was in the exercise of due care; that the defendant was negligent in that the plank on which the plaintiff was obliged to step in order to leave the circus had slipped or moved out of position "due to improper lashing."   The defendant excepted to the refusal to give certain of its requests for rulings.

It is alleged in the declaration that the plaintiff was injured by falling on the seats.   It is contended by the defendant that the evidence did not warrant a finding of negligence on its part or due care on the part of the plaintiff.

The vital question in the case is whether the evidence justified the finding that the plank slipped because of improper lashing.   The judge heard testimony from the treasurer and the superintendent of construction of the defendant as to the manner in which the seats were set up. This evidence tended to show that they were erected on stringers supported by jacks with a straight bracket inserted into the stringers to hold them level; that seat planks were placed from stringer to stringer, and when laid thereon resembled stairs or steps.   The witness testified that after the boards are laid on "we have a small rope, like a lariat used by a cowboy, a small rope, that drops over the back of the stringer and goes over the planks, under, over the

stringer and over the plank and under (indicating), all the way down the steps or stairs, or seats as you call them.    It is lashed at the bottom to make a certain kind of a hitch, ·that we call a 'double half hitch,' so it can be unloosened very readily," and that "the seats were lashed together in such a way as to leave no room for play in the planking."    There was testimony that the purpose of the lashing was to keep the seats in place.    The defendant's treasurer testified that all the seats were tied down to the stringers with ropes "allowing no possible chance of a 'seat slipping.    The jacks were interlaced with a chain . . . which prevented the jacks from slipping.    This method of chains and ropes made the seats substantial and prevented any shifting or falling down or moving about of the seats."    There was evidence that the seats were inspected by two building inspectors of Boston before any one was admitted to the tent.    The superintendent testified that he also examined the seats just before the show opened and saw no indication of any loose plank or any plank having shifted out of place; that inspection of the seats is made between the shows not so much to see whether boards or stringers have become loose but because of the possibility that some of the public might have cut the ropes; that he had never known of a case where the ropes got loose; that following the show which the plaintiff attended he made the customary inspection of the seats and saw no ropes or planks out of place.

Upon this evidence the cause of the plaintiff's fall could have been found to be the moving of the plank, and the judge could have found as a fair inference to be drawn from the evidence that the cause of the slipping or moving of the plank was improper lashing.    This conclusion cannot be said to have been based upon conjecture; it had a firm basis of fact to support it.    A cause may be found to be established by a preponderance of the evidence even if the evidence does not exclude all other possible causes.    The plaintiff was bound to show by evidence a greater likelihood that the injury came from an act of negligence for which the defendant is responsible than from some other cause.    *Gates* v. *Boston & Maine Railroad,* 255 Mass. 297, 301.

The improper lashing of the rope could have been found to be a condition not obvious to the plaintiff, and the question of her due care was one of fact.  The declaration was broad enough to support a finding for the plaintiff upon the ground stated.

The requests not given were properly denied, because the findings of fact made them immaterial or inapplicable or because they asked for rulings on questions of fact or because they contained inaccurate statements of law.

*Exceptions overruled.*