NORA BENNETT *vs.* CHARLES COHEN & another.

Bristol.   October 28, 1941. — January 28, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Negligence,* Store, Use of way, Slippery substance. *Evidence,* Presumptions and burden of proof. *Practice, Civil,* Exceptions: whether error harmful. *Error,* Whether harmful.

Evidence, that, while employees of a market were moving stands "piled up" with fruit and vegetables from a public sidewalk into the market, some of their contents, including tomatoes, fell to the sidewalk a few minutes before a pedestrian slipped on a tomato in front of the market and was injured, warranted a finding that such tomato came upon the sidewalk through negligence of the employees.

A failure by a trial judge to limit properly the use of certain testimony at the time of its admission was cured by explicit statements to the jury in the charge.

TORT.   Writ in the Superior Court dated March 4, 1938.

The action was tried before *Broadhurst,* J., who denied a motion that a verdict be ordered for the defendants.   There was a verdict for the plaintiff in the sum of $3,550.   The defendants alleged exceptions.

The case was submitted on briefs.

*F. E. Smith,* for the defendants.

*H. S. R. Buffinton & R. A. Bogle,* for the plaintiff.

DONAHUE, J.   The plaintiff, while walking along a sidewalk in the shopping district of the city of Fall River, at about six o'clock on an October evening, stepped on a tomato and slipped and fell, receiving injury.   The place of her fall was in front of a market owned and operated by the defendants.   During the day the defendants maintained on the sidewalk several movable stands for the display and sale of fruit and vegetables.   On the evening in question, employees of the defendants had removed certain stands from the sidewalk to the inside of the market six or seven minutes before the plaintiff came along.   This they did without removing from the stands any of the fruit or vege-

tables which were "piled up" thereon.  As the employees were carrying the stands, some of their contents, including tomatoes, fell upon the sidewalk.

1. It does not appear that the defendants' use of the sidewalk stands for the display of fruit and vegetables was a violation of any municipal ordinance or regulation.  There was evidence, however, that the removal of the stands, with fruit and vegetables "piled" thereon, would be likely to result in some of their contents falling on the sidewalk and it further appeared that this in fact occurred.  A finding that the employees of the defendants were negligent was warranted.  *Jennings* v. *First National Stores, Inc.* 295 Mass. 117.  *Heina* v. *Broadway Fruit Market, Inc.* 304 Mass. 608, 610.

A finding was also warranted that the tomato that caused the plaintiff's injury had come upon the sidewalk through negligence of the defendants' employees.  This is not a case where it is just as likely that the tomato that caused the plaintiff's fall was on the sidewalk through the act of a customer of the defendants or of some other person, as that it was there by the act of the defendants' employees.  Compare *Sweatland* v. *Springfield Public Market, Inc.* 247 Mass. 268, 269: *Beach* v. *S. S. Kresge Co.* 302 Mass. 544, 546. The plaintiff was not required to exclude all possibilities other than negligence for which the defendants were responsible, as the cause of the plaintiff's injury.  It is enough if it appeared by a preponderance of the evidence that the plaintiff's injury occurred because of negligence for which the defendants were responsible.  *Bigwood* v. *Boston & Northern Street Railway*, 209 Mass. 345, 348.  *Crisafi* v. *Sells Floto Circus*, 262 Mass. 120, 122.  *Rocha* v. *Alber*, 302 Mass. 155, 157–158.  The evidence here indicates a greater likelihood that the tomato, which caused the plaintiff's fall, came upon the sidewalk through negligence of the defendants' employees for which the defendants were liable than from a cause for which the defendants were not responsible.  *Agnew* v. *Franks*, 255 Mass. 539, 541.  *Heina* v. *Broadway Fruit Market, Inc.* 304 Mass. 608, 610.  *DeCunto* v. *Broadway Savings Bank*, 306 Mass. 119, 120, 121.

2. A witness called by the plaintiff was asked by her counsel if he saw anyone "sweep up" the tomato that had caused the plaintiff's fall, and the witness answered in effect that an employee of the defendants came from the market and "cleaned . . . up" the tomato. The defendants seasonably excepted to the question and to the denial by the judge of their motion to strike out the answer. The judge at that time stated that the evidence was admitted "as bearing only on the question of knowledge on the part of the defendants, through some agent, of the presence of this tomato on the sidewalk." Later in his charge to the jury the judge instructed them at considerable length as to the effect that could be given to this testimony. He said, in substance, that the testimony objected to was not evidence that the tomato came upon the sidewalk through the negligence or any fault of the defendants or of anybody employed by them, and that the evidence was admitted solely on the question whether there was in fact a tomato on the sidewalk in front of the defendants' market. If it be assumed that the limitation, by the judge, as to the use of the testimony excepted to, was not adequately stated at the time when the evidence was introduced, the charge, to which the defendants took no exception, forcibly stated the use that the jury could properly make of the evidence in question. See *Todd* v. *Boston Elevated Railway*, 208 Mass. 505, 506; *McKechnie* v. *Boston Elevated Railway*, 224 Mass. 36, 38.

*Exceptions overruled.*