EVA CHASE *vs.* WILLIAM MARCHANT
(and a companion case [1]).

Suffolk.　February 9, 1944. — March 27, 1944.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Negligence,* Hose, Use of way, Contributory.

Evidence warranted a finding that a hose full of oil was caused to strike a pedestrian and injure him because of the negligent manner in which it was being pulled across a public sidewalk by the operator of a tank truck; and did not require a ruling that the failure of the pedestrian to see the hose was negligence contributing to his injury.

Two ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated March 31, 1941.

On removal to the Superior Court, the actions were tried together before *Swift,* J. There were verdicts for the plaintiff.

*C. L. Allen,* (*K. A. Sanderson* with him,) for the defendants.

*H. L. Barrett,* for the plaintiff.

RONAN, J. Marchant, the operator of a large tank truck owned by the corporate defendant, drove the truck along Huntington Avenue, in Boston, in the middle of a pleasant afternoon in March, 1941, and stopped the truck near the curbing in order to deliver fuel oil into the tank located upon the premises at 90–92 Huntington Avenue. He testified that he unreeled the hose which was located in a box on the side of the truck — the bottom of the box being about a foot and one half above the street level — by pulling the hose across the sidewalk and upon the premises of the customer, where he took off the cap of the pipe which leads into the building and connected the nozzle of the hose with this pipe, which was about a foot above the ground; and that he turned around and had taken two or three

---

[1] The companion case is by Eva Chase against the Mystic Motor Transportation Co.

steps toward the truck to start the flow of oil through the hose, which was already full of oil, when he noticed the plaintiff lying upon the sidewalk across the hose. The plaintiff testified that as she approached the place of the accident she had observed the sidewalk ahead of her; that she looked into the window of the book shop located at 96A Huntington Avenue, and was proceeding past the store located at 92 Huntington Avenue when a workman dashed in front of her from her right. She thought it might be a plumber who had a plumbing shop there. As this man passed in front of her, she saw a woman on the left of the sidewalk, a man on the right, a man leaning on the railing and several people coming toward her. She took two steps when she felt a blow against her left leg and then against her right leg, and she pitched forward upon the sidewalk. It felt as though something had struck; it was a blow and it tripped her; it cut her leg; "when the blow came she 'felt it was something that was swung or leaped.'" After the accident she saw a hose across the sidewalk at the place where she "felt this object leap." She heard Marchant say that he saw the plaintiff coming and thought he had time to go to the truck, turn on the pump and put his foot on the hose before she got there as he had no warning sign on the sidewalk. Marchant had a warning sign to place on the sidewalk but he had not set up the sign at the time of the accident. That was the next thing that he intended to do. The jury returned verdicts for the plaintiff in both cases. The defendants excepted to the denial of motions for directed verdicts.

The defendants contend that the evidence was insufficient to prove that the injuries were due to the defendants' negligence; that whether the plaintiff's fall was caused by the hose was a mere matter of conjecture or surmise; and that as matter of law the plaintiff was guilty of contributory negligence.

In the first place, there was an entire absence of any evidence that the plaintiff's fall was caused by any other object than the hose; she sustained the burden of proving that the hose was the cause by introducing evidence that there

was a greater likelihood that her fall was due to the hose than that it was due to something else. She was not bound to exclude all other causes. *Rocha* v. *Alber,* 302 Mass. 155. *Thomas* v. *Spinney,* 310 Mass. 749. She testified that after the accident she saw the hose at the place "where she felt this object leap." It could be found that her leg was cut by the blow she sustained. Moreover, Marchant testified that when he first saw the plaintiff she was lying across the hose. Besides, the jury could find that it took only a few minutes to take the hose from the truck and attach it to the filling pipe on the customer's premises, and that almost immediately after the attachment was made Marchant discovered the plaintiff on the sidewalk. From this a jury could warrantably infer that the accident occurred while Marchant was pulling the hose across the sidewalk; that it was caused by the manner in which he did it; and that Marchant was negligent in handling this loaded hose. The jury were not required to believe Marchant's testimony that the hose did not jump. We need not say whether the jury also might have found that it was negligent for Marchant to place the hose upon the sidewalk in the circumstances existing at the time of this accident. The negligence of the defendants was properly submitted to the jury. *Morris* v. *Whipple,* 183 Mass. 27. *Agnew* v. *Franks,* 255 Mass. 539, 541. *Navien* v. *Cohen,* 268 Mass. 427, 432. *Becker* v. *Eastern Massachusetts Street Railway,* 279 Mass. 435, 439. *Dunbar* v. *Ferrera Bros. Inc.* 306 Mass. 90, 92. *Bennett* v. *Cohen,* 310 Mass. 714, 715. *Burke* v. *Jordan Marsh Co.* 313 Mass. 119. *Noble* v. *Park Enterprises, Inc.* 313 Mass. 454, 458. *Kelly* v. *Railway Express Agency, Inc., ante,* 301, 302. *White* v. *Boston Gear Works, Inc., ante,* 496.

The want of due care upon the part of the plaintiff was an affirmative defence with the burden resting upon the defendants. There was evidence that the plaintiff had looked along the sidewalk a short distance back from the place of the accident and saw nothing in the way of an obstruction. She could assume to some extent that it was safe for her to proceed and that if an obstruction was on the sidewalk she

would be given a warning of its presence. Moreover, the jury could find that she was not acting unreasonably in looking in the shop windows and that her experience in having a workman dash in front of her only two steps from the hose might have excused her failure to discover the hose. On all the evidence, we think that the jury could find that the defendants had not sustained the burden of showing that the plaintiff was negligent and that her negligence helped to bring about her accident. *McGrath* v. *American Express Co.* 219 Mass. 314, 316. *Agnew* v. *Franks*, 255 Mass. 539. *Conly* v. *Joslin*, 269 Mass. 378. *McCarthy* v. *Great Atlantic & Pacific Tea Co.* 292 Mass. 526. *Mello* v. *Peabody*, 305 Mass. 373. *White* v. *Boston Gear Works, Inc.*, ante, 496.

*Exceptions overruled.*