*Municipal Court of the City of Boston*

**WEDDINGS, INC.**

**v.**

**T. A. MATTHEWS & SON, INC.**

(October 6 — October 26, 1961)

*Present:* Adlow, C. J., Lewiton & Morrissey, JJ.

Case tried to *Roberts, J.*

*Lewiton, J.* In this action of tort, the plaintiff seeks to recover for damage to its merchandise by water and steam which escaped from a valve in the heating system in the premises occupied by the plaintiff. After denying the defendant's requests for rulings that as matter of law there was no evidence of negligence or other breach of duty by the defendant, the trial judge found for the plaintiff. The defendant now claims to have been aggrieved by the denial of the requested rulings.

From the reported evidence, the following facts could have been found: The defendant

entered into a contract with the plaintiff's landlord, under which the defendant agreed to install and to connect up existing steam lines in the building with an Edison main in the street. In connection with this work, the defendant installed in the plaintiff's stockroom, which was located in the basement, a new water return with a hand valve, commonly known as a petcock valve, thereon to "bleed" air out of the system if necessary, since air in this heating system would prevent proper heating. The job was started on *November* 2, 1959 and was supposedly completed on *November* 13, of that year, but the defendant's men were back on the premises several times between *November* 13 *and November* 24, 1959 for repairs.

On *November* 23, 1959 the heating system had gone cold and defendant's men were there working on the system. It was designed to work automatically, and the occupants of the building had no control over the thermostat and no reason to touch any part of the heating system. When the plaintiff's store was closed on *November* 23 the basement was dry. On *November* 24, when an employee of the plaintiff opened the store and went down to the basement, she observed water coming down the wall of the stockroom, one-half inch of water on the floor, water coming out of the petcock on the end of the return pipe in the stockroom, and considerable merchandise wet and damaged. The defendant was notified and when its representative (Matthews) reached the premises, he found

that the petcock valve on the end of the water return was open and that there was a drip from it. He closed the valve and shortly thereafter he replaced it with a plug which could be turned only with a wrench.

It was agreed by all counsel at the arguments before us that the escape of steam and water, and the consequent damage to the property of the plaintiff resulted from the fact that the petcock had been opened and left open. The only real issue in dispute was whether the trial court was warranted, on all the evidence, in concluding that the valve had been opened and left open by an employee of the defendant.

There was no direct, eyewitness testimony as to who had opened the valve. Several employees of the plaintiff testified in substance that neither they, nor to their knowledge any other employee of the plaintiff, had ever touched the petcock valve, or had anything to do with the operation of the heating system, which operated automatically. There was no reported evidence indicating that any employee of the plaintiff, or any other person except the employees of the defendant had ever touched any part of the heating system from the time the defendant had started work on it on *November 2, 1959*. On the other hand there was uncontroverted evidence that the defendant's men had been back several times after *November 13* for repairs and that they were there, working on the heating system, on *November 23, 1959* in response to notice that the system had "gone cold" on

that latter date. While the report contains a summary of pertinent testimony of the defendant's employee, Matthews, who was working on the heating system in this building on *November 23,* there is no report of any denial by him that he or some other employee of the defendant then working in the building had had any contact with the petcock on that date.

In the light of all the circumstances we hold that the trial judge could properly infer that on *November 23, 1959,* while employees of the defendant were working on the heating system, one of them had opened the petcock and had left it open.

It was not a pre-requisite to such a finding that the evidence positively precluded the possibility that some other person had opened the valve on that date. The plaintiff was required only to show that there was a greater likelihood that negligence on the part of an employee of the defendant caused the damage to the merchandise. *Rocray v. Duby,* 328 Mass. 110, 112; *Evangelio v. Metropolitan Bottling Co., Inc.,* 339 Mass. 177, 180; *wood v. Boston & Northern St. Ry.,* 209 Mass. *Bennett v. Cohen,* 310 Mass. 714, 715; *Big-* 345, 348.

There was no error in the denial of the requested rulings.

*Report dismissed.*

Morris Karll of Boston, for the Plaintiff.
Leo M. Lazo of Boston, for the Defendant.