Thomas M. Simmons.

## Municipal Court of the City of Boston

### No. 50730

**THOMAS E. DAY**

v.

**NATHAN ROZEN, ET AL d/b/a**

(December 8, 1961 - January 29, 1962)

*Present*: Adlow, C.J., Roberts & Glynn, JJ.

Case tried to *Lewiton, J.*

*Roberts, J.* This is an action of tort for damage to the plaintiff's motor vehicle. The plaintiff commenced his action in the small claims court, and the action was transferred on the defendant's motion to the regular civil docket. There was a finding for the plaintiff who appeared *pro se*.

The trial judge was warranted in finding that at about 9:00 p.m. on June 2, 1961, the plaintiff parked his motor vehicle on Bay State Road near the intersection of Charlesgate West, public highways in the city of Boston. Further, it could have been found that the front section of his car was then in perfect condition and had recently been painted and waxed. When next seen on the premises of the defendant's the front bumper over riders were dented and the paint scraped off. The evidence indicated that the scrapes were new.

No question was raised that servants of the defendants had towed the plaintiff's motor vehicle from its parked location at the request of the police. The time of towing does not appear from the evidence but the plaintiff discovered his car was taken on his return some 90 minutes after he left it.

The sole question argued on appeal is that there was not sufficient evidence that the defendants caused the damage the plaintiff sustained. It is the defendants' contention that the plaintiff's damages could have

been sustained by a traffic accident such as being backed into by a passing vehicle. In effect, the defendants argue that the plaintiff failed to show greater likelihood that the damage to his motor vehicle was caused by acts attributable to the defendants rather than by some unexplained traffic accident.

We cannot agree with this contention. While the burden of proof in this respect rests clearly with the plaintiff, he was not obliged to exclude all other possible causes but must show that under the circumstances there was a greater likelihood that the damage was caused by the defendants. *Rocray v. Duby*, 328 Mass. 110-112; *Evangelio v. Met. Bottling Co.*, 339 Mass. 177-'80; *Bennett v. Cohen*, 310 Mass. 714-715; *Bigwood v. Boston & N. St. Ry. Co.*, 209 Mass. 345-348.

In our opinion the court was warranted in finding that the plaintiff's motor vehicle was towed by its front end and the damage claimed was confined to this area. There was a greater likelihood that the damage was caused by the defendants' servant. "Further, it could be inferred that the damage was due to the negligence of the servant." *Butler v. Bowdoin Sq. Garage, Inc.*, 329 Mass. 28-31.

*Report dismissed.*

Thomas E. Day, *pro se*, for the plaintiff.
Fred W. Hillman of Boston, for the Defendant.