*Northern District*
No. 6339

## JANET F. POMMET

### v.

## TALLY'S SERVICE STATION, INC.

30 ALR2d 1019.

*Present:* Brooks, P.J., Connolly, Yesley, J.J.

Case tried to *Durkin, J.* in the District Court of Eastern Essex

*Connolly, J.   The declaration in this action contains two counts — one in tort for negligence in the towing of an automobile of the plaintiff and the other in contract for towing the automobile of the plaintiff in an unskillful and unworkmanlike manner.* Both counts arise

out of the same cause of action. The answer is in the form of a general denial.

*At the trial, there was evidence tending to show* (and we quote from the report):

"The plaintiff's car was a 1958 Thunderbird Ford; that she bought it second-hand for $800 from Pete's Auto Repair under which name Peter Anderson does business in Gloucester; that she bought the car on March 8, 1965, and had owned it about three months when the car broke down in Beverly at around the midnight of the day before the defendant did the work of towing it; she did not know the number of miles the car had been driven when she bought it; she did not know how many miles she had driven it after she bought it. The plaintiff saw the car at Anderson's Garage in Gloucester the next day at about 6 p.m. The car was on a lift; she felt the transmission and it was hot.

"On June 1 she told Anthony Taliadoros, the business manager of the defendant, to tow the car from the place in the street, Columbus Avenue, in Beverly, where she had parked and locked the car when it broke down. He said that Beverly is outside his towing area and he would have to make a special agreement as to what to charge; she agreed to pay the difference between the amount allowed by Road-Aid of Massachusetts and the amount that would be chargeable for the extra distance; such an

extra charge was necessary under the plaintiff's towing service.

"When she saw the car next it was at Anderson's garage, meaning at the garage owned by Peter Anderson in Gloucester, and it was on a lift; she saw it on June 1, at 6 p.m. She felt the transmission box and it was hot. She could not drive the car. The following day she talked with Anthony Taliadoros at his garage and asked him what he was going to do about her car, and he said he was "covered". On June 4 she asked him why he had not notified her what he was to do and he said he did not do it, that is, that he did not damage the car.

"Peter Anderson received the car at his garage in the afternoon of June 1 from Anthony Taliadoros. Anderson talked to Anthony Taliadoros. Taliadoros did not know what was wrong. Anderson found the transmission was overheated; on examination he found the transmission was burned out. The drive shaft was turning and the transmission was burned out. He told Anthony Taliadoros that the car had been towed on its rear wheels and he smelled it was hot, that the transmission was overheated and the drive shaft was not disconnected. Anthony Taliadoros said to Anderson, "We will have to do something about it."

"The parties are in agreement that the damages were in the amount as found by the Court.

"Mr. Anderson's opinion was that the transmission would not have been burned out if the car had been towed properly. The age of the car in his opinion was not a factor in this particular case.

"Peter Anderson had used the car to show it to prospective customers before he sold the car to Janet F. Pommet. He did not know the number of miles the car had been driven when he bought it as a used car and he did not know the number of miles he had driven it himself. Even in a new car the automatic transmission breaks down sometimes; it does not work perfectly always; the automatic transmission is made up of several hundred parts; it is a delicate machine or mechanism.

"Anthony Taliadoros received the key to the car in the morning of June 1 from the plaintiff and went to Beverly at 2:30 in the afternoon to tow the car to Anderson's garage. He stated that he towed the car in neutral gear between 30 and 35 miles an hour. He said he did not tow it in "park" gear. He felt no drag on the tires as he towed the car; had he towed it in park gear the drag effect could be felt by him; the tires showed no marks indicating any drag. The transmission would be hot if not towed properly; but if it was towed in neutral it would have a tendency to be warm."

The defendant duly made the four following requests for rulings which were denied (those numbered 4 and 5 having been waived):

"1. The evidence does not warrant a finding for the plaintiff under Count 1.

"2. The evidence does not warrant a finding for the plaintiff under Count 2.

"3. The evidence does not warrant a finding of negligence in the manner of performing its duty by the defendant.

"6. The evidence does not warrant a finding that the defendant breached any duty."

The court made the following findings and rulings:

". . . .I find for the plaintiff on Count 1 and assess damages in the sum of $227.00. I find for the plaintiff on Count 2 in the sum of $227.00 with cost(s). Plaintiff is entitled to execution on one count only."

Defendant's requests for rulings:

1. Denied.
2. Denied.
3. Denied.
4. Waived.
5. Waived.
6. Denied.

The court made special findings as follows:

". . . .I find that the defendant was negligent in towing the plaintiff's car to Gloucester while the same was in gear."

The trial judge did not err in denying the defendant's requests for rulings. His special finding that the defendant was negligent in towing the plaintiff's car made them immaterial. *Hor-*

*ton* v. *Tilton,* 325 Mass. 79. *Day* v. *Rozen,* 24 Mass. App. Dec. 58.

And we do not agree with the defendant in its contention that there was no evidence to support a finding of negligence. The testimony of the expert, the statements of the business manager of the defendant and the observations of the plaintiff, all admitted without objection on the part of the defendant, would provide sufficient basis for the conclusion of the trial judge that the defendant was negligent.

Those cases cited by the defendant in its brief dealing with "burden of proof" are easily distinguished from the case at hand in that in all the cases where the ultimate finding was in favor of the defendant, evidence of the affirmative type offered by the plaintiff in this case was lacking.

**There being no prejudicial error, the report is dismissed.**

GEORGE P. LAVENTIS
  for Plaintiff
LOUIS ALBERT
  for Defendant